## TAPPER v. THE NEW HOME SEWING MACHINE COMPANY.

[No. 2,740.   Filed March 8, 1899.   Rehearing denied May 9, 1899.]

GUARANTY.—*Notice of Acceptance.—Complaint.*—A complaint in an action to enforce a guaranty bond need not aver notice of acceptance, where the guaranty was by its form absolute and continuous. *p. 315.*

SAME.—*Evidence.—Statement of Account.*—In an action on a bond given to secure the payment of an account for certain merchandise furnished a salesman, a statement of the account showing the particular items of merchandise furnished, admitted in evidence, was sufficient to connect the account with the undertaking. *pp. 315, 316.*

ACCOUNT.—*Credits.—Guaranty.*—Defendant executed a bond to secure payment for certain goods to be furnished a salesman. The salesman obtained credit to an amount in excess of the amount of the bond, and the defendant executed a new bond similar to the first, for a larger amount. The payments made after the execution of the second bond exceeded the amount of the price of goods received, and the defendant contended that by reason thereof no liability existed on the second bond. *Held*, that the payments, in the absence of any directions to the contrary, should be applied to the debits in the order in which they occurred, and that defendant was liable on the second bond. *pp. 316, 317.*

From the Lake Superior Court.   *Affirmed.*

*Johannes Kopelke*, for appellant.

*Ibach & Ibach*, for appellee.

COMSTOCK, J.—The appellee sued the appellant in the court below to enforce two guaranty bonds given by her for one Henry Waller, who had sold sewing machines for the appellee at Hammond. The action resulted in a judgment for $691.35 against the appellant in favor of the appellee, from which this appeal is prosecuted. It was admitted that Waller was insolvent during his transactions with appellee, and that he died leaving no estate.

The first error assigned here is that the appellee's complaint herein "does not state facts sufficient to constitute a cause of action." The complaint is in three paragraphs. The first counts on a guaranty bond for $300; the second on

another one for $500; the third counts on both bonds. The substance of the complaint is, that the plaintiff accepted the bonds, and, in consideration thereof supplied goods to Waller, for which he became indebted and so remained. Neither paragraph contains an allegation of notice from the plaintiff to the defendant of acceptance of the bonds, and appellant contends that neither paragraph contains an equivalent statement, nor any statement of facts that would render such notice unnecessary. Appellant insists that, before the bonds could become operative and effective to charge the appellant, it was the appellee's duty to notify her that the bonds had been accepted, and that the goods would be supplied to Waller upon the faith and strength of her guaranty.

The bonds are identical in language, except as to the amount for which the guarantor obligates herself, and it will, therefore, be sufficient to set out the first one. "Hammond, Ind., March 29, 1889. To New Home Sewing Machine Company, Chicago, Illinois. Gentlemen: For and in consideration of your company supplying Henry Waller, of Hammond, the county of Lake, in the State of Indiana, with sewing machines and articles connected therewith, on credit, I do hereby guaranty the payment to you of the price and value of said goods at maturity, to an amount not to exceed $300, whether the same be due upon open account or by note, or acceptance, and you are hereby authorized to grant such delay as you may see fit for the payment of any sum which may be due you at any time, and this shall be held as continuing security in your favor, until notice from me, and to cover any and all renewals of the debt, notes, or acceptances, which may from time to time be made, and any interest or costs due thereon, and any balance which may at any time be due by said Waller to your company. Gretje Tapper. Signed this 29th day of March, 1889, in the presence of Henry McCall, witness. P. O. address, 248 State street, Chicago, Ill." The following property statement was attached to the guaranty: "For the purpose of identifying my-

self to the New Hôme Sewing Machine Company in connection with this guaranty I hereby certify that I am a resident of Hammond, county of Lake, State of Indiana, and that I am worth, and the owner of property, subject to and not exempt from levy and execution, of the value of more than $5,000, after the payment of all my just debts.    Gretje Tapper."

The complaint avers that appellant "executed and delivered" to appellee her bond.    Execution implies acceptance, but the guaranty is absolute and continuous, "I hereby guaranty the payment until notice from me" and under the decisions of the Supreme and this Court notice of its acceptance is not necessary.    *Jackson* v. *Yandes*, 7 Blackf. 526; *Wheeler* v. *Rhorer*, 21 Ind. App. 477; *Bryant* v. *Stout*, 16 Ind. App. 380.    In the case last named numerous decisions are collected and reviewed.    The complaint is sufficient.

Appellant next discusses the fifth assignment of error, viz.: "That the court erred in overruling appellant's motion for a new trial in this cause, and more particularly that part of the motion for a new trial which charges that the finding and decision of the court is not sustained by sufficient evidence, and is contrary to law."    It is claimed that there is no evidence to connect the statement of account with the appellant's undertaking; not a word to show that the "merchandise" charged in the account was "sewing machines and articles connected therewith;" no evidence to show that the guaranty had been accepted by appellee, and the articles furnished Waller upon the faith of it.    The complaint avers that on the 29th day of March, the date of the execution of the guaranty, one Henry Waller was engaged in the business of selling "sewing machines and articles connected therewith," which articles were furnished said Waller on credit, the payment of which in the sum of $300 was guaranteed to the plaintiff by the defendant Tapper, as evidenced by her "guaranty filed herein, marked exhibit 'A.' "    That thereupon beginning with

said date, the 29th day of March, when said guaranty was delivered, plaintiff supplied Waller with "sewing machines and articles connected therewith" on credit, etc., as shown by exhibit "C." made a part of the complaint. Statement of account which is exhibit "C." in its first column gives dates, in the second, "merchandise bill rendered"; in the third the amount of each bill rendered. The record shows that the defendant admitted the said statement of account to be correct and the same was read in evidence. These extracts from the record show that the claim of appellant is without support.

Appellant next insists that if appellee is entitled to hold appellant at all, it is not for such an amount as the court awarded; that the amount is too large, and that some one of appellant's motions to modify the judgment should have been sustained, or a new trial granted on the first ground assigned, the first ground being that the amount of the recovery is too large. The first guaranty is dated March 29, 1889, in which the liability is limited to $300. The second is dated September 19, 1891, in which the liability is fixed at $500. Otherwise the two instruments are identical. Appellant claims that for the protection of appellant the transactions between Waller and the company must be divided into parts; the one from the date of the first bond, March 29, 1889, to the date of the second, September 19, 1891; the other from the latter date to the end of the business. The claim is based upon the proposition that sureties are liable only for acts and defaults which occur subsequently to the execution of the bond. Upon this theory appellant by calculation demonstrates that there is no liability on the second bond, for Waller paid for more goods than he received after it was given. Upon the application of payments upon an open running account, the rule is well settled that where debits and credits are entered as they occur, they will be considered, in the absence of evidence to the contrary, as a general application of the credits to the debits in the order of

time in which the debits occur, thus paying first the debt first due. And this rule applies although part of the account is covered by guaranty or surety. *Conduitt* v. *Ryan,* 3 Ind. App. 11.

In the case at bar the relation of debtor and creditor existed between appellee and Waller. When Waller made a payment in the absence of evidence showing its application to any particular item of indebtedness by either party, it became a credit to the general account. The debt was his, and the guarantor was only liable for what he failed to pay. The application, under the rule, gives to the guarantee within the limits of the contract the benefit of the security intended to be given.

When the second guaranty was executed, there was an unpaid balance due appellee for sales made under the first, exceeding $300. After the execution of the second guaranty, appellee purchased machines and articles connected therewith exceeding $500. When payments were made after the execution of the $500 guaranty, they were not appropriated to any particular item of indebtedness, and, under the rule, went to the payment of debts in the order of their priority.

The amount for which judgment was rendered was fully warranted by the evidence. Judgment affirmed.