## WILLIAM THATCHER v. ISAAC TILLORY.

Decided November 6, 1902.

**1.—Application of Payments—Rule.**

The common law rule, which prevails in this State, gives the creditor the right, in the absence of instructions by the debtor, to make such application of payments as he may elect, provided it be not inequitable and unjust to the debtor.

**2.—Same—Note and Account—Debts Secured and Unsecured.**

Where a debtor owed both by note and open account, it was not inequitable for the creditor to apply payments to the account; and as between a debt secured by chattel mortgage and an unsecured debt, the creditor could apply payments to the latter.

**3.—Same—Delay in Making Application.**

Where a landlord's accounts with his tenant were yearly accounts, a delay from October 10th to the end of December in applying a balance of a payment made by the tenant debtor on the current year account to an unsecured debt of the previous year, against a similar debt secured by mortgage, was not such delay as forfeited the creditor's right in that regard, the application being made with the first regular statement of the account furnished the tenant.

Appeal from the County Court of Waller County. Tried below before Hon. John M. Pinckney.

*Tompkins, McDade & Harvey,* for appellant.

*Hannay & Tompkins* and *W. J. Poole,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover upon a note for $319, executed by appellee, and to foreclose a mortgage lien given by appellee upon personal property described in the petition to secure the payment of the note. The trial in the court below resulted in a verdict and judgment in favor of the defendant, from which judgment the plaintiff below prosecutes this appeal.

Appellee, as a tenant, cultivated a farm of appellant in the years 1900 and 1901. On the 12th day of January, 1900, he executed the note sued on for advances furnished him by appellant to enable him to make a crop upon the rented premises, and to secure the payment of such note executed and delievered to appellant a mortgage upon the entire crop raised by him during the year 1900 on said premises, and also upon one wagon, two mares, one horse, four mules, and five cows and their increase. In addition to the $319 evidenced by the note sued on, appellant furnished appellee during the year 1900, to enable him to make a crop upon said premises, supplies and advances to the amount of $414.90, which sum was due and payable to appellant on or before October 1, 1900. In the fall of 1900, and prior to the 1st of October, appellee at various times delivered to appellant cotton and cotton seed raised on said premises during said year of the aggregate value of $228.45. Appellee testified that when he delivered this cotton and cot-

ton seed to appellant he instructed the latter to apply same as payments upon the note sued on. Appellant testified that no such instruction was ever given him by the appellee, and that he applied the cotton and cotton seed as a payment on the account for $414.90 due him by the appellee, leaving a balance due on said account of $186.45, which, together with the note sued on, made the aggregate indebtedness due by appellee on January 1, 1901, $505.45. During the year 1901 appellant advanced appellee the sum of $880.35. In the fall of that year and prior to October 10th, appellee at different times delivered to appellant cotton and cotton seed of the aggregate value of $1133.10. Appellant applied $880.35 of this amount to the payment of the 1901 account, and $186.45 to payment of the balance due on the open account for the year 1900, and the remainder, $66.30, he credited upon the note sued on. Appellee testified that when this cotton and cotton seed was delivered he told appellant that he wanted the balance due him for same after payment of 1901 account applied to the payment of the note. This was denied by appellant. Appellee is a married man and head of a family, and the wagon, two of the mules, and the cows and calves covered by the mortgage are exempt property. Appellant did not keep a regular set of books, and the accounts against the appellee were evidenced by drafts and orders and by entries in four or five small memorandum books in which he charged items furnished his various tenants. No credits were entered on any book, and the credits on appellee's accounts were evidenced only by the account of sales of cotton.

Appellant in June, 1901, gave appellee the following statement of his account:

"June 27, 1901.
"1900 Statement.                                    Dr.
"$733.90.

"By credits on cotton and ginning, $228.45, leaving balance due January 1, 1901, of $505.45.

"Your account June 27, 1901, $456.25."

In November, 1901, appellant gave appellee a general statement of his indebtedness, including the note and the open accounts for both years, with all of the payments made by appellee. This statement did not show that the credits had been applied to any particular portion of the indebtedness, and appellant testified that at that time he had not made any application of the payments. In December, 1901, appellant made out the account in regular form and applied the payments as before stated.

Upon these facts the trial court gave the jury the following instructions: "Gentlemen of the jury: You are charged that where a debtor owes a creditor more than one debt, one of which is secured by special lien or mortgage and the other is not, and the debtor makes a payment to the creditor and fails to designate to the creditor to which of said debts said payment shall be applied, the rule of law is that said creditor, when applying said payment, shall regard himself as standing in

the shoes of the debtor and apply said payment to the discharge of such debt as the debtor himself would have first discharged. Now you are therefore charged in this case that if you believe from the evidence that the defendant, Isaac Tillory, owed the plaintiff, William Thatcher, for the year 1900, a debt or more than one debt all of which was secured by the landlord's lien and a part of which debt was also secured by special lien or mortgage, and if you further believe that the defendant made payments on said debt or debts during the year 1900 without designating to plaintiff to which of said debts or which part of said debts said payment should be applied, it was the duty of the plaintiff to have regarded himself in the application of said payments, as standing in the shoes of the debtor, in this case the defendant, and to have applied said payments to the satisfaction to that debt or part of said debt that was most burdensome to the defendant or which the debtor himself, in this case the defendant, would have first discharged."

"You are charged in this case that if you believe from the evidence that the defendant, Isaac Tillory, owed the plaintiff, William Thatcher, for advances made by the plaintiff to defendant during the year 1901, and this said debt was secured by the landlord's lien, and if you further believe from the evidence that defendant, Isaac Tillory, owed other debts to plaintiff, one of which was secured by special lien and another unsecured, and if you further find that the defendant, Isaac Tillory, made payments to plaintiff, William Thatcher, during the year 1901, and failed to designate how these payments should be applied, you are charged that in applying the balance of said payments, if any there be after paying off and discharging the debt incurred for advances for the year 1901, the creditor, in this case the plaintiff, should regard himself as standing in the shoes of the debtor, in this case the defendant, and apply said balance to the discharge of the debt that the debtor himself, in this case the defendant, would have first discharged, bearing in mind the principle of law that in the application of payments made by a debtor to a creditor, the creditor is not vested with the power to act capriciously or to make such designation as would unreasonably operate to the prejudice of the defendant, but regard himself as standing in the shoes of the debtor, and apply the payment to such debt as the debtor himself, in this case the defendant, would have first discharged."

These instructions do not announce the correct rule for the application of partial payment by a creditor who holds two or more obligations of the debtor making such payments. The common law rule which prevails in this State gives the creditor the right, in the absence of instructions by the debtor, to make such application of payments as he may elect, provided he does not make an application that is inequitable and unjust to the debtor. Taylor v. Coleman, 20 Texas, 777; Bray v. Crain, 59 Texas, 652; Phipps v. Willis, 11 Texas Civ. App., 186; Howard v. Schwartz, 22 Texas Civ. App., 400, 55 S. W. Rep., 345.

In so far as the payments made in 1900 are concerned, we agree with appellant's counsel that it would be inequitable to require appellant to

apply such payments to the note. These payments were made entirely from the proceeds of property on which appellant had a lien to secure the 1900 account, as well as the note, and he should not be required to exhaust this security in the discharge of the note and thereby surrender all benefits which he had obtained by the additional security given him by the mortgage.

The payments made in 1901 were properly applied by the appellant first to the payment of the 1901 account. This he was required to do because the payments were made out of the proceeds of property on which a lien existed only to secure said account. The remainder in his hands after the payment of said account could, in the absence of any instruction by the appellee as to how same should be applied, be credited either on the note or on the unpaid balance due on the 1900 account. The account and the note were obligations of equal dignity, and appellee was as much bound to pay the one as the other, and it can not be said to be inequitable or unjust to him to allow appellant to apply the payment to the account. The weight of authority seems to give the right to the creditor to make the application at any time before suit, but conceding the rule to be as contended for by appellee, that he must make it in a reasonable time, we do not think there was such unreasonable delay on the part of the appellant in making the application of the 1901 payments as would deprive him of the right to make same. The application was made shortly after the yearly running account between the parties was closed, and when the first regular statement of the account was made up. As before stated, we are of opinion that equity would require that the 1900 payments be applied as claimed by appellant. Levy v. Wagner, 29 Texas Civ. App., 98, 5 Texas Ct. Rep., 142.

For these errors in the charge, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*