## BORN *v.* UNION ELEVATOR COMPANY ET AL.

[No. 9,557.  Filed March 13, 1918.]

1. APPEAL.—*Review.—Findings of Fact.—Conclusiveness.*—Findings of fact supported by substantial evidence are conclusive on appeal.  p. 101.

2. CONTRACTS.—*Sales Contracts.—Attorney's Fees.—Right to Recover.*—Where grain was sold under a written contract upon which was indorsed a receipt for advancements providing for attorney's fees, but the parties subsequently entered into a verbal agreement concerning the sale of grain which did not provide for attorney's fees, and the receipt was satisfied by subsequent transactions, the holder could not recover attorney's fees, though the maker still owed him money on the account.  p. 103.

3. PAYMENT.—*Rights as to Application.—Intent of Parties.—Application of Payment by Court.*—Where a debtor owes distinct debts or accounts and he makes a voluntary payment, he may direct its application, but if neither party makes a specific appropriation of the payment, the law will apply it justly, and, in case of running accounts, in extinguishment of the first debt, unless a different intention on the part of the parties may be gathered from the facts and circumstances, and such rule is not confined to payments of money, but includes payments made in commodities.  p. 103.

4. PAYMENT.—*Application.—Rights of Parties.*—Where defendant entered into a written contract to deliver corn to plaintiffs, and executed his receipts for advancements, and, owing them no other debt at the time, commenced to deliver corn without attempting to collect pay therefor, it should be assumed that he intended that

the value of such corn was to be applied to the receipts, and, when their amount in value of corn had been delivered, plaintiffs could not, in an action for money due on subsequent transactions in the account, recover attorney's fees as provided in the receipts. p. 104.

From Tippecanoe Superior Court; *Burton B. Berry,* Special Judge.

Action by the Union Elevator Company and others against Edward Born.

From a judgment for plaintiffs, the defendant appeals. *Affirmed conditionally.*

*A. B. Cronk* and *L. E. Ritchey,* for appellant.

*Charles A. Burnett* and *Wood & Evans,* for appellees.

CALDWELL, J.—Appellee Union Elevator Company brought this action against appellant, filing a complaint in six paragraphs. Answers, replies and cross-complaints were filed, under which the other appellees, Charles Haywood and John T. Detchon, became parties to the proceeding. As no question is properly presented respecting the sufficiency of any of the pleadings, we do not find it necessary to set out even their substance. A trial resulted in a finding in favor of the Union Elevator Company and against appellant in the sum of $389 principal and interest, and $200 as attorney fees, a total of $589, on which judgment was rendered. The record presents but two controlling questions: First, the sufficiency of the evidence to sustain the finding; and, second, whether appellee was entitled to recover attorney fees.

There was evidence within the issues to the following effect: Prior to July 3, 1912, appellees Haywood and Detchon, as partners, under the name of Union

Elevator Company, were engaged in the business of buying and .selling grain and other products at New Richmond, Montgomery county. On that day they, with others, organized a corporation, preserving and continuing such business name. This corporation, Union Elevator Company, by proper transfers and assignments, succeeded to all the rights and liabilities of the partnership, and since that day has been conducting the business.

As the corporation is the successor in interest of the partnership, in our further statement of the case, we shall refer to transactions had with either the former or the latter as had with the Union Elevator Company.

On September 1, 1910, appellant and the Union Elevator Company entered into a written contract by which the former sold and agreed to deliver to the latter, on or before February 1, 1911, 4,000 bushels of good merchantable corn, to be paid for at the market price at the time of delivery, less any advancements made. Inscribed on the contract was a receipt signed by appellant as follows:

"Received this day on above contract $1,616.00, on which I agree to pay 7 per cent. interest until grain is delivered, without any relief whatever from valuation or appraisement laws, and attorney's fees. Due Feb. 1, 1911."

On September 19, September 21, October 3 and November 14, 1910, the parties entered into other contracts in terms similar to the one above outlined, by which appellant sold to the company 250, 2,000, 1,500 and 350 bushels of corn respectively, the first lot to be delivered on or before January 1, and the other three lots on or before February 1, 1911. There was

inscribed on each of these contracts also a writing in terms as above, signed by appellant, by which he acknowledged that he had received on the involved contract $100, $784, $500 and $150 respectively. It follows that, at the close of the preliminary arrangements between the parties, appellant had sold for future delivery at market prices 8,100 bushels of corn, on which he had been advanced $3,150. Appellant failed to deliver any corn under the contract or otherwise on or prior to February 1, 1911. Thereafter, however, he did deliver to the company large quantities of corn from time to time, aggregating much more than 8,100 bushels, and in addition delivered a large quantity of oats and other articles and products, and from time to time paid to the company money by check. The company likewise from time to time advanced to appellant large sums of money by check, and in addition sold and delivered to him stock food and other articles and products. There is no serious conflict between the parties respecting the quantity of corn and other articles and products sold and delivered, or respecting the amounts of money paid and advanced by either respective party to the other. The controversy is of the following nature: No corn having been delivered on or prior to February 1, 1911, the parties entered into a subsequent verbal agreement, respecting the terms of which the parties do not agree. Appellee offered testimony that sometime after February 1, it was agreed that appellant should proceed to deliver corn under the contracts, with the privilege of storing it for thirty days, with the right to be credited any time within the thirty days at the market price; that he did so deliver corn, and was so credited; that he delivered other corn, oats and other articles and products under

an agreement that he should be credited at the market price at the time of delivery, and that he was so credited. Appellant offered testimony that by such subsequent arrangement the written contracts were canceled, and that he delivered corn under an agreement that he should store it as long as he desired, and be credited at the market price at a time elected by him; that subsequently and after all the corn had been delivered, it was agreed that he should be credited at the rate of sixty-four cents per bushel. Under appellee's theory appellant was entitled to be credited for some of the corn at sixty-four cents per bushel, and the balance at lower rates. There is controversy between the parties, also, as to how many pounds of corn should be regarded as a bushel under the agreement made by them. Respecting this phase

1. of the case, it is sufficient to say that allowing interest, the right to which is not controverted, there was substantial evidence tending to establish that there was a balance due appellee company of $389, as found by the court. The finding in this respect is therefore binding on this court.

We proceed to the second question: Appellee company predicates its right to recover attorney's fees on the provisions of the receipts above set out and referred to. Those receipts disclose that $3,150 had been advanced to appellant on the corn contracts. The latter disclose that appellant obligated himself to deliver 8,100 bushels of corn. Appellee's cause of action proceeds on the theory that the money advanced with interest thereon was to be paid by the delivery of corn. Appellee's first paragraph of complaint is in part to the effect that by reason of such receipts, and the money advanced as evidence thereby, and by reason of the subsequent transactions had,

a mutual account arose between the parties, the first items in which consisted of such sums of money so advanced, and that such account disclosed a balance due appellee company for which it sued. Appellee company filed with such paragraph a bill of particulars to that effect. The remaining paragraphs of complaint declare on the receipts as unsatisfied either by payment or by the delivery of corn. Appellee offered testimony to the effect that its manner of doing business was that, when it held contracts with receipts for money advanced as above, as corn was delivered it was credited on the contracts and receipts at the market or agreed price; that as corn was delivered its value was promptly credited for the purpose of preventing interest from accumulating. The evidence disclosed that the first two contracts and receipts above mentioned had been marked "paid." All the items set out in the bill of particulars filed with the first paragraph of complaint were supported by evidence, which for the most part was uncontradicted. The first items consisted of charges against appellant in the sum of $3,150, being the money advanced as evidenced by the receipts. There followed credits from time to time for corn delivered aggregating $585.34, much more than enough to pay and discharge such receipts. There followed other items of credit aggregating $1,472.13, based on oats delivered, and other items of credit based on other products sold and delivered, interspersed with charges based on money advanced and products sold and delivered to appellant. Such is the statement of the account as prepared by appellee company.

Assuming that in an action predicated on the receipts, attorney fees might be recovered as a part of

the judgment, a point which we do not find 2. it necessary to decide, it is apparent that there could be no recovery of attorney fees as a part of a judgment based on an account. There was no agreement, verbal or in writing, that attorney fees might be so recovered. It follows that, if the receipts were paid and satisfied by the subsequent transactions between the parties, appellee was not entitled to recover attorney fees in this action.

Where a debtor owes his creditor distinct accounts or debts, and he makes a voluntary payment, he may direct its application; if he fails to do so, the 3. right passes to the creditor to apply the payment to any one or more of the debts as he pleases. If neither party makes a specific appropriation of the payment, the law will apply it according to its own notion of justice, giving effect, however, to the intent of the parties, and primarily to the intent of the debtor, if such intent may be gathered from the facts and circumstances. In the absence of an appropriation, express or implied, made by the parties, to any specific debt, the law will in running accounts make the appropriation according to the order of time in the items in the account, the first item on the debtor side being discharged by the first item on the credit side. See the following where the subject is fully considered. *Conduitt* v. *Ryan* (1891), 3 Ind. App. 1, 29 N. E. 160, and cases; *Tapper* v. *New Home, etc., Co.* (1898), 22 Ind. App. 313, 53 N. E. 202; *Barrett* v. *Sipp* (1911), 50 Ind. App. 304, 98 N. E. 310; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 40 N. E. 152; *King* v. *Andrews* (1868), 30 Ind. 429; *Stanwix* v. *Leonard* (1908), 125 App. Div. 299, 109 N. Y. Supp. 804. The rule is not confined to payments made in money, but is extended to payments made in commodi-

ties. 30 Cyc 1228; *Young* v. *Harris* (1880), 36 Ark. 162; *Thatcher* v. *Tillory* (1902), 30 Tex. Civ. App. 327, 70 S. W. 782; *Carson* v. *Cook County Liquor Co.* (1912), 37 Okl. 12, 130 Pac. 303, Ann. Cas. 1915B 695. It has been held that the law will apply the payment to an interest-bearing debt in preference to one bearing no interest. 30 Cyc 1242; *Rogers* v. *Yarnell* (1888), 51 Ark. 198, 10 S. W. 622; *Bussey* v. *Gant's Admr.* (1847), 10 Humph. (Tenn.) 238; *McTavish* v. *Carroll* (1847), 1 Md. Ch. 160; *Blanton* v. *Rice* (1827), 5 T. B. Mon. (Ky.) 253.

When appellant commenced to deliver corn, he owed appellee no debt other than as represented by such receipts; he made no effort to collect pay for the corn as delivered. It should therefore be assumed that he intended to apply the value of such corn on the debt so represented. Appellee company actually did apply corn so delivered, and at its market value on the first two of such receipts as indicated by the fact that they were marked paid. The evidence of a custom as above outlined indicated a general purpose to that end. Moreover, appellee alleges in its first paragraph of complaint in effect that such receipts had been merged into a mutual account. In this account, as formulated by appellee, and as filed as an exhibit to the complaint, the amounts represented by such receipts appear as the first items of charges. Over against them there appear as credits successive items made up of the value of corn, oats, etc., delivered. These facts indicate that appellee thus has made application of the payments represented by the value of products delivered exactly as the law would make such application in the absence of anything to indicate the intent of the parties. We are therefore required to hold that such

receipts had been discharged prior to the commencement of this action. It follows that appellee was not entitled to recover attorney fees as a part of the judgment. The right to recover such attorney fees is challenged by appellant's briefs.

Such being the state of the record, it is ordered that if, within thirty days, appellee Union Elevator Company shall file in this court a remittitur in the sum of $200 to be effective as of the date of the judgment below, the judgment will be affirmed for the residue in the sum of $389; otherwise, the judgment will be reversed, with instructions to the trial court to sustain the motion for a new trial, costs in either case to be taxed against appellee Union Elevator Company.

CALDWELL, J.—Remittitur having been filed, as suggested by the original opinion, and within the time limited, the judgment in the sum of $389 is unconditionally affirmed; costs against appellee.

NOTE.—Reported in 118 N. E. 973. Attorneys, compensation, value of services, 16 Am. St. 592.