## DUNLOP and Others v. HAYDEN.

VERDICT.—In an action to recover money alleged to have been obtained by fraud, the jury returned the following verdict: "We, the jury, find for the plaintiff, and assess his damages at $275. The jury, in their verdict, decline to impute improper motives to the defendants, in the matter in controversy."

*Held,* that the last sentence did not vitiate the verdict.

APPEAL from the *Marion* Circuit Court.

GREGORY, C. J.—*Hayden* sued the appellants for money obtained from him by fraud. The defendants. denied the fraud, but set up that the money received by them was for compensation for services rendered by them as real estate agents for the plaintiff, in effecting an exchange of lands. The plaintiff replied by a denial of the answer, so far as it was incompatible with the complaint. Trial by jury. Verdict as follows: "We, the jury, find for the plaintiff, and assess his damages in the sum of $275. The jury, in their verdict, decline to impute improper motives to the defendants, in the matter in controversy. (Signed,) A. CURTIS, Foreman."

The defendants moved: 1. For judgment *non obstante veredicto.* 2. For a new trial. 3. For judgment for costs. 4. for a *venire de novo.* 5. In arrest of judgment. These several motions were overruled by the court, and the defend-

ants excepted. The evidence, which is made part of the record, is conflicting on the main question involved.

During the progress of the trial, the plaintiff was permitted to prove, over the objection of the defendants, what took place in an ineffectual attempt to compromise. The court, however, instructed the jury that if they believed, from the evidence, "that the plaintiff offered to settle his claim in this case for $250, on compromise, and that one of the defendants tendered, in compromise, one-third of that amount, which sum was refused, then the acts of the parties, being in compromise, the jury should not take them into consideration at all, in determining the merits of the case."

There was evidence tending to prove the fraud. The jury were the judges of the weight of the testimony. The court below was satisfied with the finding. It is not for this court, on the mere weight of evidence, to interfere.

The only question of any difficulty is the form of the verdict. So far as the verdict is a finding, it is complete, and meets the issue fully. The last clause is not a finding, but the jury simply decline to impute improper motives to the defendants. Fraud in fact implies improper motives, but fraud in law may not. Even, however, if the latter clause was a finding, it would be the duty of this court to let the general verdict stand, if by any hypothesis it could be reconciled with the special finding. The jury decline to impute improper motives to the defendants. It may be that in their opinion only one of the defendants was guilty of the fraud. Upon the whole, we think that this latter clause ought to be rejected as surplusage. We hold that it does not vitiate the verdict.

If there was any error in admitting the evidence as to the attempted compromise, it was fully corrected by the instruction of the court.

The judgment is affirmed, with costs.

*W. Morrow* and *R. M. Goodwin,* for appellants.

*M. M. Ray, J. W. Gordon* and *W. March,* for appellee.