Central Union Telephone Co. *v.* Fehring.

---

CENTRAL UNION TELEPHONE COMPANY *v.* FEHRING.

[No. 17,864.   Filed November 6, 1896.]

TELEGRAPH AND TELEPHONE COMPANIES.—*Common Carrier.*—*Constitutional Law.*— The act of April 8, 1885 (sections 5511, 5512 and 5529, Burns' R. S. 1894) prescribing the duties of telegraph and telephone companies and providing penalties for its violation, is not unconstitutional as embracing the two subjects, telegraph and telephone companies, as its subject is that of regulating a certain class of common carriers.  *p. 191,*

| | |
|---|---|
| 146 | 189 |
| 146 | 660 |
| 146 | 189 |
| 149 | 265 |
| 149 | 375 |
| 146 | 189 |
| 153 | 616 |
| 146 | 189 |
| 156 | 697 |
| 146 | 189 |
| 157 | 525 |
| 146 | 189 |
| 158 | 495 |
| 146 | 189 |
| 160 | 510 |
| 146 | 189 |
| 161 | 233 |
| 161 | 347 |
| 146 | 189 |
| f167 | 72 |

Central Union Telephone Co. *v.* Fehring.

TELEPHONE COMPANIES.—*Discrimination Between Patrons.*—*Statute Construed.*—Refusal of a telephone company to connect the instrument of a subscriber with that of another patron renders it liable to the penalty imposed by the Act of April 8, 1885, requiring every telephone company to supply all applicants with telephone connections and facilities without discrimination or partiality, as the duty, under the statute, does not cease upon furnishing the instrument and connecting it with the exchange. *p. 192.*

VENIRE DE NOVO.—*When Not Granted.*—A *venire de novo* need not be granted because the verdict in an action for a statutory penalty upon two alleged violations of the statute assesess the damages at the amount of a single penalty as if it is a finding upon but one paragraph of the complaint, without noticing the other; it is eqivalent to a finding against the plaintiff upon the other. *p. 193.*

APPEAL.—*General Verdict.*—*Presumptions.*—All reasonable presumptions and intendments must be made to sustain a general verdict. *p. 193.*

From the Bartholomew Circuit Court. *Affirmed.*

*Marshall Hacker* and *Charles F. Remy,* for appellant.

*Geo. W. Cooper* and *C. B. Cooper,* for appellee.

MONKS, C. J.—This action was brought by appellee, against appellant, to recover the statutory penalty under section 5529, Burns' R. S. 1894 (section 2, p. 151, Acts 1885), for failure and refusal on the part of appellant to supply appellee with "telephone connection and facilities without discrimination or partiality."

The complaint was in two paragraphs, which were substantially the same, except the offense was alleged on different days. Appellant's separate demurrer for want of facts to each paragraph of complaint was overruled. An answer in three paragraphs was filed, to which a reply of general denial was filed. The cause was tried by jury, and a general verdict rendered in favor of appellee, and his damages assessed at $100.00, and over a motion for a *venire de novo,* and a motion for a new trial, judgment was rendered in favor of appellee.

Central Union Telephone Co. v. Fehring.

The first objection urged to the complaint is, that the act upon which the cause of action is based embraces more than one subject, telegraph companies and telephone companies, and is therefore unconstitu·tional, under the provisions of section 19, Art. 4, of the constitution (section 115, R. S. 1881, 115, Burns' R. S. 1894). The act in question is entitled, "An act prescribing certain duties of telegraph and telephone companies, * * * providing penalities therefor, and declaring an emergency." Acts 1885, p. 151.

This court has held that a telephone company doing a general telephone business is a common carrier of news in the sense in which a telegraph company is a common carrier, and that section 2, p. 151, Acts 1885, section 5529, *supra*, prescribes the duties of telegraph and telephone companies as such common carriers. *Central, etc., Telephone Co.* v. *Bradbury*, 106 Ind. 1, and cases cited; *Central, etc., Telephone Co.* v. *State, ex rel.*, 118 Ind. 194, 10 Am. St. Rep. 114.

The subject of the act is neither telegraph nor tele·phone companies, but the act prescribes the duties of such companies as common carriers. It was proper to name in the title the common carriers covered by the provisions of the act. This act, therefore, embraces but one subject, that of regulating a certain class of common carriers and matters properly connected therewith, and is not invalid for the reason urged..

It is next insisted that the complaint does not state a cause of action within the meaning of said section 2 of said act, section 5529, *supra*.

The allegations show, among other things, that appellant, at the time stated, owned and operated a general system of telephone lines in the city of Columbus, Indiana; that appellee had one of the appellant's telephones in his drug store, and desiring to converse with another patron of appellant, called upon the ex-

change and asked to be connected with said other patron, which connection was refused by appellant. Appellant urges that the section upon which appellee predicates this action applies to discrimination between applicants for telephones, not to discrimination between patrons of a telephone company. In other words, appellant's contention is that the act requires telephone companies to furnish an instrument and connect it with its exchange, when applied for without discrimination, but when this is done, the duty of the company to such person, under the act, ceases, and that no penalty can be recovered under said act for a refusal to furnish the connection and facilities by which he can use the instrument.

We think it clear, under the provisions of the section in controversy, that telephone companies are not only required to furnish an applicant the instrument and properly connect the same with its exchange, but it is also their duty to supply all the connections and facilities necessary to the use of such instrument. The section provides that: "Every telephone company * * * shall within the local limits of such telephone company's business supply all applicants for telephone connections and facilities with such connections and facilities without discrimination or partiality. * *" Merely furnishing an applicant with an instrument and connecting the same with the exchange is not a compliance with this statute. This alone would not enable such person to use the telephone instrument. After the telephone instrument was furnished appellee and connected with the exchange, it was the duty of appellant each time when requested by appellee to make such connection as would enable him to converse with the person named without discrimination or partiality, and for a refusal

Central Union Telephone Co. *v.* Fehring.

so to do appellant became liable to appellee as provided in said act.

The court did not err, therefore, in overruling the demurrer to each paragraph of the complaint.

Appellant contends that if the jury found for appellee on both paragraphs of the complaint, they should have assessed the damages at $200.00, and that only having assessed the damages at $100.00, it is evident they only found for him upon one paragraph. That the verdict did not cover all the issues, is defective, and the court therefore erred in overruling the motion for a *venire de novo.*

The jury returned the following verdict: "We, the jury, find for the plaintiff and assess his damages at $100.00." The statute provides that any person or company violating any of the provisions of the act shall be liable to any party aggrieved in a penalty of $100.00 for each offense.

The rule in this State is that a motion for *venire de novo* will not be sustained unless the verdict, whether general or special, is so defective and uncertain upon its face that no judgment can be rendered upon it. *Bartley* v. *Phillips,* 114 Ind. 189, and cases cited on p. 192; *Board, etc.,* v. *Pearson,* 120 Ind. 426, 16 Am. St. Rep. 325.

A verdict, however informal, is good if the court can understand it. *Daniels* v. *McGinnis, Admr.,* 97 Ind. 549. The verdict in this case is not informal or defective, even if appellant's contention, that it only finds for appellee upon one paragraph is correct, for the reason that a finding in favor of appellee upon one paragraph of his complaint, without noticing the other, would be equivalent to a finding against him on such other paragraph. *Shaw* v. *Barnhart,* 17 Ind. 183.

The verdict in this case being general, found all the

VOL. 146—13

essential facts and issues in favor of appellee, and all reasonable presumptions and intendments must be made to sustain it. *Louisville, etc., R. R. Co.* v. *Summers, Admr.,* 131 Ind. 241.

If it were conceded that the jury should have assessed the damages at $200.00, that was an error in favor of, and not against appellant, and of which only appellee could complain. What we have said disposes of the other error assigned.

Judgment affirmed.