GARRETT *v.* THE STATE, EX REL. HUNTSINGER.

[No. 18,298. Filed January 11, 1898.]

NEW TRIAL.—*Venire de Novo.*—A motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain that no judgment can be rendered thereon. *pp. 264, 265.*

VERDICT.—*Sufficiency.*—A verdict, however informal, is good if the court can understand it. *p. 265.*.

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—The evidence is not properly in the record where it is not embodied in or made part of the bill of exceptions. *p. 265.*

SAME.—*Longhand Manuscript of Evidence.— How Made Part of Record.*—In order to make the longhand manuscript of the evidence a part of the record on appeal, prior to the taking effect of the act of 1897 (Acts 1897, p. 244), it was necessary that it be filed in the clerk's office before being incorporated in the bill of exceptions and signed by the judge. *p. 265.*

From the Madison Circuit Court. *Affirmed.*

*C. L. Henry, E. B. McMahon* and *J. A. Van Osdol,* for appellant.

*John W. Lovett* and *Henry C. Ryan,* for appellee.

MONKS, J.—Appellee brought this action against appellant, to compel him to perform an alleged duty as road supervisor. The cause was tried by a jury, and the following verdict returned: "We the jury find for the plaintiff." Over a motion for a *venire de novo,* and a motion for a new trial, the court rendered judgment on the verdict in favor of appellee, and awarded a peremptory writ of mandate against appellant. The errors assigned call in question the action of the court in overruling said motions.

It is settled law that a motion for a *venire de novo* will not be sustained unless the verdict is so defective

and uncertain that no judgment can be rendered thereon, and that a verdict, however informal, is good if the court can understand it. *Central Union Tel. Co. v. Fehring,* 146 Ind. 189, and cases cited. As the verdict in this case was general in favor of appellee, it found all the facts and issues in favor of appellee. Even if the jury should have assessed damages against appellant, that was an error of which only the appellee could complain. *Central Union Tel. Co. v. Fehring, supra.* It follows that the court did not err in overruling the motion for a *venire de novo.*

The questions presented by the motion for a new trial depend for their determination upon the evidence, which appellee insists we cannot consider, because the evidence is not in the record. What purports to be a bill of exceptions follows what the clerk certifies is the original longhand manuscript of the evidence made by the official reporter; but it does not refer to the longhand manuscript, nor is the same embodied in or made a part of such bill of exceptions. Under the rule declared in *City of Alexandria* v. *Cutler,* 139 Ind. 568, the evidence is not in the record. Besides, even if the longhand manuscript was incorporated in the bill of exceptions, the same is not a part of the record, for the reason that it is not shown that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions and signed by the judge. *Citizens Street R. R. Co.* v. *Sutton,* 148 Ind. 169, and cases cited; *Hoover* v. *Weesner,* 147 Ind. 510, and cases cited. This case was filed July 15, 1896, and is not therefore governed by the provisions of the act approved March 8, 1897 (Acts 1897, p. 244), concerning the manner in which the evidence may be made a part of the record upon appeal.

No available error appearing in the record, the judgment is affirmed.