## HARTFORD LIFE INSURANCE COMPANY *v.* BRYAN.

[No. 3,230. Filed October 26, 1900.]

ACTION.—*Demand.*—*Suit on Contract for Wages.*—In an action for wages due under a contract it is not necessary that the complaint allege a previous demand, since the suit constitutes a sufficient demand. *p. 408.*

ATTACHMENT.—*Quashing Writ.*—*Complaint.*—Attachment proceedings are merely ancillary to the main action, and the quashing of the writ of attachment does not carry with it the complaint. *p. 408.*

APPEARANCE.—*Judgment.*—Where in an action against a foreign corporation on account and in attachment defendant appeared to the main action and filed answer, such appearance gave the court power to render a personal judgment. *p. 408.*

TRIAL.—*Jury.*—An action on account and in attachment is properly submitted to a jury for trial, since the attachment is not the foundation of the action. *p. 409.*

VERDICT.—*Uncertainty.—Description of Property.*—In an action on account and in attachment a verdict for plaintiff in a named sum, and that he was entitled to have the property attached sold, without specifically describing the property, is not so uncertain that a judgment cannot be pronounced upon it. *p. 409.*

From the Marion Superior Court. *Affirmed.*

*E. A. Brown, O. H. Carson* and *J. C. Moore,* for appellant.

*H. J. Milligan,* for appellee.

ROBINSON, C. J.—Appellee sued for wages alleged to be due under a contract.

The verified complaint and an affidavit that appellant is a foreign corporation were filed April 22nd. On April 27th, appellant appeared specially and moved to quash the writ of attachment because of insufficient bond. April 28th the court approved an additional undertaking, and overruled the motion to quash. On April 30th appellant moved to strike out the complaint and affidavit and quash the writ. May 25th, the court overruled the motion to strike out the complaint, and sustained the motion to quash the writ. May 28th appellee filed an affidavit for attachment and an affidavit of non-residence of appellant, and the court ordered publication for September 5th. June 1st appellant moved to strike out the affidavit and dissolve the attachment issued as of date May 28th. June 4th appellee filed an additional bond and the court overruled the motion to strike out the affidavit and dissolve the attachment issued May 28th. On September 28th appellant entered a general appearance and answered by general denial. Cause submitted to a jury over appellant's objection and verdict for appellee. Motions for a new trial and in arrest overruled, and judgment on the verdict.

The errors assigned question the sufficiency of the complaint, overruling appellant's motion to strike out the com-

plaint, the motion to strike out the affidavit in attachment and dissolve the attachment, in submitting the cause to a jury for trial, overruling the motions for a new trial, and in arrest.

It is argued that the complaint is bad for failing to aver a demand. It is well settled that when money is due on a contract the suit constitutes a sufficient demand. *Olvey* v. *Jackson,* 106 Ind. 286, and cases cited; *Bertha* v. *Sparks,* 19 Ind. App. 431. See, also, *Ferguson* v. *State,* 90 Ind. 38.

No reason has been pointed out why the complaint should have been stricken out when the writ of attachment was quashed. The quashing of the writ did not carry with it the complaint. After the writ is quashed any further proceedings under it are void; but the attachment proceedings are merely ancillary to the main action. The court might lose jurisdiction of the person when the writ is quashed, but that would not prevent further proceedings under the complaint. The statute permits a plaintiff, at the time of filing his complaint, or at any time afterward, to have an attachment in certain specified cases. When he does ask for attachment he must file an affidavit and bond, and upon these the writ issues. §§925, 928, 929, 930 Burns 1894.

A bond in attachment was approved April 28th. It is not claimed this bond was insufficient. When the writ was quashed the bond still remained on file. With a sufficient affidavit and this bond another writ might be issued. The record recites that an additional bond was filed, although it is not set out in the record, but whether it was a sufficient bond is immaterial as the first bond was still on file. The writ follows the filing of the affidavit and bond. The affidavit for attachment showed the nature of the claim, that it is just, the amount appellee ought to recover, and that appellant is a foreign corporation. An affidavit of nonresidence was also filed, and publication had. But to the main action appellant appeared and answered, and this gave the court power to render a personal judgment. §393 Burns 1894.

There was no error in submitting the cause to a jury. The attachment was not the foundation of the action. The suit was on an account.

It is argued also that the verdict is not sufficient to support a judgment in that it does not describe the property attached. When appellant entered a general appearance the suit was mainly an action *in personam* with the added incident that the property attached, which was then under the control of the court, should be liable for the final judgment rendered by the court. The jury found for appellee in a named sum, and that he was entitled to have the property attached sold, but did not specifically describe it. The judgment particularly describes the property, and orders it sold, or so much as may be necessary to pay the debt. A verdict, however informal it may be, is good if the court can understand it. The jury found that appellee was entitled to have the attached property sold. The court, in its judgment, directs this attached property, particularly described, to be sold. The verdict is not so uncertain that a judgment can not be pronounced upon it. See 3 Work's Prac. 448; *Garrett* v. *State,* 149 Ind. 264.

Judgment affirmed. Henley, J., absent.