## KELLEY ET AL. v. BELL.

[No. 21,450.  Filed April 21, 1909.  Rehearing denied July 2, 1909.]

1. PLEADING.—*Complaint.*—*Deeds in Trust for Grantor.*—Paragraphs of a complaint to subject certain property held in trust for the grantor to the payment of his debts are sufficient under §7480 Burns 1908, §4921 R. S. 1881, providing that "all * * * transfers or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person."  p. 593.

2. PLEADING.— *Complaint.*— *Supplementary Proceedings.*— *Execution.*—*To What County Issued.*—A complaint, in a proceeding supplemental to execution, alleging that the execution issued to the sheriff of the county where the defendant "resides," is sufficient, the statute (§858 Burns 1908, §815 R. S. 1881) providing that the execution shall issue to the county where defendant "resides."  p. 593.

3. PLEADING.— *Complaint.*— *Supplementary Proceedings.*— *Setting Aside Fraudulent Transfers.*—A complaint alleging that "after the time" of the alleged transfer of property, defendant did not have sufficient property with which to pay his debts, shows that such transfer rendered him unable to pay his debts.  p. 594.

Kelley v. Bell—172 Ind. 590.

4. PLEADING.—*Complaint.—Subjecting Trust Property to Payment of Debts.—Property Subject to Execution.*—A complaint to subject property held in trust for defendant to the payment of his debts does not require an allegation that the defendant after the time of the transfer in trust had no remaining property with which to pay his debts. p. 594.

5. PLEADING.— *Complaint.— Paragraphs.— Rulings.— When Harmless.—Interrogatories.*—Where the answers to the interrogatories to the jury show that the verdict rests on certain paragraphs of the complaint, errors in the rulings as to the other paragraphs are harmless. p. 595.

6. APPEAL.—*Assignments of Errors.—Submission of Cause to Jury. —New Trial.*—The wrongful submission of a case to the jury for trial constitutes a reason for a new trial, and cannot be assigned as error independently on appeal. p. 595.

7. TRIAL.—*Motions in Arrest.—New Trial.*—A prior motion in arrest of judgment cuts off the right to move for a new trial. p. 596.

8. TRIAL.—*Motions in Arrest.—Reasons.*—The inclusion of insufficient reasons, or reasons for a new trial, in the motion in arrest of judgment, does not change the legal effect of such motion in cutting off the right to move for a new trial. p. 596.

9. TRIAL.— *Motions in Arrest.— Bonds.— Execution.— Proceedings Supplementary.*—In a suit to subject certain United States bonds alleged to belong to the defendant, to the payment of his debts, a motion in arrest of judgment alleging that such bonds are not subject to execution, questions the sufficiency of the complaint. p. 596.

10. TRIAL.—*Motion to Set Aside Verdict.—New Trial.—Venire de Novo.*—A motion to set aside a verdict, which only contains reasons for a new trial or for a venire de novo, should be overruled. p. 596.

11. TRIAL.—*Special Findings.—Signature.—No Request for.—Effect.*—Special findings, unsigned by the judge, or not requested by either party, have the effect of a general finding only. p. 597.

12. TRIAL.—*Verdict.—Special.—Effect.*—A special verdict returned by a jury must be treated as a general verdict, special verdicts being unauthorized (§572 Burns 1908, Acts 1897, p. 128). p. 597.

13. TRIAL.—*Motions.—Venire de Novo.—Verdict.—Surplusage.*—A motion for a venire de novo should be overruled, .where the verdict is sufficiently certain that a judgment may be based upon it, and surplusage should be rejected. p. 597.

14. JUDGMENT.—*Directing Transfer of Bonds.—Receivers.—Parties. —*A decree directing the defendants to transfer United States bonds to a receiver named, the interest to be applied to the discharge of defendant's debt, is not improper, and does not bind the United States. p. 598.

15. EXECUTION.—*Property Liable.*—*United States Bonds.*—United States bonds are liable to execution the same as any other property.   p. 599.

16. APPEAL.—*Points.*—*When and How Raised.*—Only those points set out in appellants' statement of points can be raised in any subsequent stage of the appeal.   p. 599.

From Steuben Circuit Court; *Emmet A. Brattan,* Judge.

Suit by George Bell against Charles Kelley and others. From a decree for plaintiff, defendants appeal. (Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10.)   *Affirmed.*

*Charles E. Scott, Stephen A. Powers, Frank M. Powers* and *E. V. Harris,* for appellants.

*P. V. Hoffman, C. M. Phillips* and *Cyrus Cline,* for appellee.

MONKS, J.—On January 28, 1904, appellee recovered a judgment against appellant Charles Kelley in the Noble Circuit Court, for $5,018.33, on which execution was issued January 30, 1904, to the sheriff of Dekalb county, and return of *nulla bona* was made thereon February 5, 1904. On February 8, 1904, appellee brought this action in the Dekalb Circuit Court, supplementary to execution under our statutes, against said judgment defendant Charles Kelley and his coäppellants, his son Herschel C. Kelley and his daughter, Mary G. Williams, said Charles Kelley residing in Dekalb county, to subject $27,000 in United States registered bonds, averred to be the property of said Charles Kelley, but in the possession of his coäppellants, to the payment of said judgment.

The venue was changed to the court below, where there was a trial by jury, verdict for appellee, and, over motions in arrest of judgment, for a new trial, and for a *venire de novo,* judgment was rendered against appellants.

The first, fourth and fifth paragraphs of complaint seek to set aside the transfer of certain registered bonds of the United States, known as "two per cent consols," maturing in

1930, made by the judgment defendant, Charles Kelley, to his coäppellants, his son and daughter, and subject the same to the payment of said judgment, on the ground that the same were transferred by him to them without consideration, and with the fraudulent intent and purpose to cheat, hinder and defraud the creditors of said Charles Kelley, including this appellee.

The second paragraph of the complaint seeks to accomplish the same object, on the ground that said bonds were a gift *causa mortis* from said Charles Kelley to his said son and daughter; that said Charles Kelley recovered from said sickness, and has received the interest on said bonds, and they are his property and liable for his debts, but have been held, since his recovery, in secret trust by his coäppellants to avoid the payment of his debts, including appellee's judgment.

The third paragraph seeks to subject said bonds to the payment of said judgment, on the ground that they are the property of said judgment defendant, Charles Kelley, held in trust for his use and benefit by his coäppellants, and are therefore liable for his debts.

The sixth paragraph of the complaint seeks to subject money and choses in action, the property of said judgment defendant, held in trust for him by his coäppellants, to the payment of said judgment.

Section 7480 Burns 1908, §4921 R. S. 1881, is applicable to said second, third and sixth paragraphs of the complaint.

Appellants say in their brief that the allegation in each paragraph of the complaint is that the execution issued to the sheriff of Dekalb county, where the defendant Charles Kelley resides; that the same is insufficient, and that the demurrers thereto should have been sustained to said paragraphs, because the averment should be that the execution issued to the sheriff of the county where defendant Charles Kelley resided. If the judgment de-

fendant is a resident of the State, as in this case, the statute requires that the execution be "issued to the county where he resides," not to the county where he has resided some time in the past. §858 Burns 1908, §815 R. S. 1881; *Fowler* v. *Griffin* (1882), 83 Ind. 297, 299; *Burkett* v. *Bowen* (1889), 118 Ind. 379, 381; *McKinney* v. *Snider* (1888), 116 Ind. 160, 161; *Pouder* v. *Tate* (1887), 111 Ind. 148, 149. The allegation in each paragraph of the complaint objected to by appellants was sufficient.

Appellants next insist that each paragraph of the complaint is bad, because it is averred that "after the time," instead of "at the time," of the transfer of said bonds,

3. Charles Kelley, the judgment defendant, did not have sufficient property to pay his debts; that the allegation "after the time" does not show when or how long after said transfer it was before he did not have sufficient property, etc. Said Charles Kelley may have had sufficient property to pay his debts before he transferred said bonds, but may not have had sufficient after the same were transferred. The words "after the time" had relation to and commenced the moment the transfer was made, and mean, in the connection in which used, "from the time" the transfer was made. With this meaning the same is not open to the objection urged.

Said objection has no application to the second, third and sixth paragraphs, which do not seek to set aside the transfer of said bonds as fraudulent, but to subject them to the

4. payment of the judgment, because they are the property of the judgment defendant, Charles Kelley, and liable for his debts, although held in trust for his use and benefit by his coappellants. *Plunkett* v. *Plunkett* (1888), 114 Ind. 484, 488-491; *Shew* v. *Hews* (1891), 126 Ind. 474; *New* v. *Sailors* (1888), 114 Ind. 407, 412-413, 5 Am. St. 632; *Stout* v. *Price* (1900), 24 Ind. App. 360, 365-368.

It follows that the objections made to each paragraph of the complaint are not tenable.

Even if the paragraphs of the complaint, which seek to set aside the transfer of said bonds on the ground that the same were transferred by said Charles Kelley with the fraudulent intent to cheat and defraud his creditors, were insufficient, as claimed by appellants, the action of the court in overruling the demurrer thereto was harmless, and would not be a reversible error, for the reason that the facts specially found by the jury in answer to interrogatories showed that the verdict was not on said paragraphs, but upon the paragraphs alleging that said bonds were the property of said Charles Kelley, and held in trust by his coäppellants for his use. *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1, 7, 8; *Lowry* v. *Downey* (1898), 150 Ind. 364, 365, and cases cited; *Bedford Quarries Co.* v. *Turner* (1906), 38 Ind. App. 552, 557, and cases cited.

Appellants insist that the court erred in submitting said case to the jury for trial, and in not submitting the same to the court for trial. It is assigned as independent error in this case (1) that the court erred in submitting the case to the jury for trial; (2) that the court erred in refusing to submit the case to the court for trial. These assignments of error are set out in appellants' brief as "errors relied upon for reversal," in conformity with the fourth subdivision of rule twenty-two of this court. These assignments of error present no question, for the reason that such question can only be presented by assigning the same as causes for a new trial, which, if overruled, is presented in this court by the assignment of error that the court erred in overruling the motion for a new trial. *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430, 436, and cases cited; *Huffmond* v. *Bence* (1891), 128 Ind. 131, 137; *Horlacher* v. *Brafford* (1895), 141 Ind. 528, 532; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 554, 555.

The record shows that a motion in arrest of judgment was made and overruled before the motion for a new trial was filed. It is the law in this State that, where the motion in

arrest of judgment preceded the motion for a new
7.  trial, the right to move for a new trial is cut off, and
cannot be considered. *Yazel* v. *State* (1908), 170 Ind.
535, and cases cited; *Cincinnati, etc., R. Co.* v. *Case* (1890),
122 Ind. 310, 316, and cases cited.

Appellants insist that said motion in arrest "is not a motion in arrest," because the grounds therefor set out in said
motion point out defects in the verdict and not in the
8.  complaint. The fact that all the grounds stated in a
motion in arrest are insufficient, or that all the defects
pointed out cannot be reached by such motion, does not
change its character. It is true that the first, second and
third grounds stated in said motion attack the verdict, and
that a verdict if defective cannot be reached by a motion in
arrest. *Potter* v. *McCormack* (1891), 127 Ind. 439, 440, 441.

The fourth ground, however, is that the United States
bonds in controversy "are not subject to the order of this
court  *  *  *  and are not subject to proceedings sup-
9.  plementary to execution." This ground goes to the
sufficiency of each paragraph of the complaint which
seeks to subject said bonds to the payment of said judgment.

Appellants having, by first moving in arrest of judgment,
waived their right to move for a new trial, no question is
presented by the error assigned calling in question
7.  the action of the court in overruling the motion for
a new trial.

After the return of the verdict, appellants severally objected to the court's rendering judgment on the verdict, and
moved to set aside the verdict, which motions the court overruled, and these rulings are assigned for error here.

Said motions were properly overruled by the court, because the reasons assigned therefor were either causes
10.  for a new trial or grounds for a *venire de novo*, and
could only be presented by such motions.

It is next insisted that the court erred in overruling appellants' motion for a *venire de novo*. The objections made

to the verdict by appellants in their brief are, "that the same was a special and not a general verdict, and was defective in form and substance; that special verdicts are abolished, and the jury can only render a general verdict." It is true that under §572 Burns 1908, Acts 1897, p. 128, a jury in civil actions is only authorized to render a general verdict, and may, if a general verdict is returned, "find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the case."

It has uniformly been held by this court that a special finding by the court, not signed by the judge or not requested by either party, will be treated as a general finding of the court. *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 136; *Jacobs* v. *State* (1890), 127 Ind. 77, 78, and cases cited; *Weaver* v. *Shipley* (1891), 127 Ind. 526, 534; *Conner* v. *Town of Marion* (1887), 112 Ind. 517, 519; *Northcutt* v. *Buckles* (1878), 60 Ind. 577; *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 138, 3 L. R. A. (N. S.) 709.

It is evident, therefore, under §572, *supra*, that a verdict of a jury, even if in form and substance a special verdict, must be regarded as a general verdict.

The rule in this State is that a motion for a *venire de novo* will not be sustained, unless the verdict is so defective and uncertain upon its face that no judgment can be pronounced upon it. A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided, except from necessity. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 193, and cases cited; *Steele* v. *Empson* (1895), 142 Ind. 397, 403, 404.

The verdict in this case, however, is not special, but general. It finds generally for the plaintiff, and this is followed by a finding of the amount due on the judgment in

the seduction case, that the same is unpaid, and of other facts in issue, including the date, number, amount, and when due, of each bond in controversy.

While some parts of said verdict may have been unnecessary and immaterial, and may be rejected or disregarded as surplusage, this furnishes no ground for a *venire de novo*. *Steele* v. *Empson, supra,* and cases cited; *Garrett* v. *State, ex rel.* (1898), 149 Ind. 264; *Daniels* v. *McGinnis* (1884), 97 Ind. 549, 553, 554, and cases cited; *Chambers* v. *Butcher* (1882), 82 Ind. 508, 516, 517; *Veatch* v. *State* (1878), 60 Ind. 291; *Balue* v. *Taylor* (1894), 136 Ind. 368, 377; *Mitchell* v. *Burch* (1871), 36 Ind. 529, 530, 531; *Conner* v. *Winton* (1856), 8 Ind. 315, 65 Am. Dec. 761; *Dunlop* v. *Hayden* (1868), 29 Ind. 303; *Wolf* v. *Blue* (1839), 5 Blackf. 153; Thornton, Juries and Instructions, §§275, 276.

As the verdict disposed of all the issues in the cause, and was not so defective and uncertain upon its face that no judgment could be rendered upon it, the court did not err in overruling the motion for a *venire de novo*.

Appellants jointly moved that the court "modify and set aside the judgment, for the reason that the court had no jurisdiction to enter its judgment or decree to take 14. from these defendants, or any one of them, the possession or use of the United States consol bonds of the denominations or the kind here in controversy, or in any way to interfere with the possession thereof by these defendants, or to compel these defendants, or any one of them, to transfer said bonds to the receiver appointed by the court, and that the judgment and decree is in conflict with the laws of the United States and void." This motion was overruled by the court.

The judgment required the parties to indorse said bonds— which were brought into court by order of court and introduced in evidence, and were fully described in the verdict and judgment, giving date, number and amount of each bond, when due and to whom payable—to the receiver ap-

pointed by the court, said receiver to collect said bonds and interest as the same became payable, and pay the judgment and cost therewith. The judgment of the court only deals with and binds the parties thereto. It in no way attempts to bind the United States.

We do not know of any reason why such bonds may not be reached in proceedings supplementary to execution, the same as any other property of a judgment defendant. No authority to the contrary has been cited. The court did not err in overruling said motion.

"Under the fifth clause of rule twenty-two no alleged error or point not contained in appellants' statement of points can be raised afterwards, either by reply brief, or in oral or printed argument, or on petition for rehearing, but will be considered waived. Under rule twenty-four, the brief may be followed by an argument which shall be confined to a discussion and elaboration of the points contained in the briefs." *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 467.

Having determined all the questions not waived, and finding no available error, the judgment is affirmed.