Kendall v. State—183 Ind. 162.

---

## KENDALL ET AL. *v*. STATE OF INDIANA.

[No. 22,608. Filed July 1, 1914. Rehearing denied April 14, 1915.]

1. ADULTERY.—*Trial.*—*Verdict.*—*Venire de Novo.*—In a prosecution for adultery a verdict that finds "the defendants guilty and fix their punishment at imprisonment in the county jail for 100 days and that they be fined in the sum of $250", is sufficiently certain and is subject to no other construction than that the defendants are each guilty, that both should be imprisoned for one hundred days and that both should pay a fine of $250; hence a motion for a *venire de novo* based upon uncertainty in the verdict was properly overruled. p. 163.

2. CRIMINAL LAW. — *Trial.* — *Verdict.* — *Venire de Novo.* — *When Granted.*—A verdict, however informal, is good if the court can understand it, and unless it is so uncertain or defective that no judgment can be rendered thereon, a motion for *venire de novo* will be denied. p. 163.

3. ADULTERY.—*Evidence.*—*Sufficiency.*—Direct and positive proof is not essential to a conviction for adultery, but the evidence is

sufficient if it establishes facts and circumstances from which guilt may be inferred, and which will satisfy a rational and just man beyond a reasonable doubt. p. 164.

4. ADULTERY.—*Evidence.—Sufficiency.—Jury Question.*—In a prosecution for adultery the question of the inferences to be drawn from the evidence is for the jury, and if there is some evidence to warrant an inference of guilt, the verdict will not be disturbed on the ground of insufficient evidence. p. 164.

From Lawrence Circuit Court; *Albert J. Fields,* Special Judge.

Prosecution by the State of Indiana against Perry A. Kendall and another. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Mark Storen, James A. Cox, Bernard Korbly* and *Willard New,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—This appeal is from a judgment of conviction for the crime of adultery. The questions presented by appellants' assignment of errors, and not waived, are overruling a motion for a *venire de novo* and overruling a motion for a new trial.

The motion for a *venire de novo* was on the alleged grounds, that the verdict of the jury is so uncertain, indefinite and ambiguous that no judgment can be rendered thereon, both as to the fine assessed and the imprisonment to be imposed. The verdict returned by the jury reads as follows: "We the jury find the defendants guilty and fix their punishment at imprisonment in the county jail for 100 days and that they be fined in the sum of $250." We are of the opinion that the verdict is not open to the infirmities claimed by appellants. It is well settled that unless the verdict is so defective and uncertain that no judgment can be rendered thereon, a motion for a *venire de novo* will not be sustained. *Garrett* v. *State, ex rel.* (1898), 149 Ind. 264, 49 N. E. 33.

It is also well settled that a verdict, however informal, is good if the court can understand it. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64, and cases cited. This was a joint offense and, if one was guilty, it necessarily ·follows both were guilty. It seems that the only construction that can be given this verdict is that both appellants were guilty, that both should be imprisoned in the county jail for a period of one hundred days and that both should pay a fine of $250. This is the meaning the trial court gave it and we think it the correct one.

The motion for a new trial presents the question as to whether the evidence sustains the verdict. In the recent case of *Weidenhammer* v. *State* (1914), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577, the following language is used: "From the nature of the offense it is commonly impossible to produce direct proof of sexual acts . between the parties, hence the rule that direct, positive proof is not essential to conviction. It is sufficient if the evidence establishes facts and circumstances from which guilt may be inferred, and which will satisfy a rational and just man beyond a reasonable doubt". The question of the inferences to be drawn from the facts proven is one for the jury. *Weidenhammer* v. *State, supra.* Without burdening the record with a review of the facts proven in the case, as to the relations of appellants for a number of months prior to the return of the indictment, and the further fact that it would serve no useful purpose to do so, we think it sufficient to say that there is some evidence from which the jury had a right to infer that the defendants were guilty of the crime charged. No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 105 N. E. 899. As to what constitutes living in open and notorious adultery, see 113 Am. St. 271. See, also, under (2) 12 Cyc. 689; (3) 1 Cyc. 983; 2 C. J. 22; (4) 1 Cyc. 962; 2 C. J. 28, 29.