GOODMAN ET AL. *v.* STATE OF INDIANA.

[No. 23,346.   Filed February 12, 1919.]

1.  CRIMINAL LAW. — *Appeal.* — *Evidence.* — *Weight.*—Although the evidence is conflicting and contradictory, the court on appeal will not weigh it, as it will be held sufficient if, standing alone and with the inferences drawn therefrom, it supports the judgment.  p. 72.

2.  CRIMINAL LAW.—*Appeal.*—*Reversal.*—*Lack of Evidence.*—A judgment will not be reversed for lack of evidence, unless some essential element of the case is wholly unsupported by evidence. p. 73.

3.  CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—Instructions given and refused, and the exceptions arising therefrom, must

be made part of the record by special bill of exceptions in order to present for review the rulings of the court thereon. p. 73.

4. CRIMINAL LAW. — Appeal. — Record. — Instruction Directing Verdict.—An instruction directing a verdict in a criminal case must be made a part of the record in the same manner as other instructions in order to present questions thereon for review. p. 73.

5. CRIMINAL LAW.—Form of Verdict.—Venire de Novo.—In a criminal case, a motion for a venire de novo will not be sustained, unless the verdict is so defective and uncertain on its face that no judgment can be pronounced upon it; but the verdict, however informal, is good, if the court understands it when construed according to its reasonable intendment. p. 74.

6. CRIMINAL LAW.—Codefendants.—Verdict.—Where the effect of an affidavit was to charge that each defendant was guilty of an offense stated therein, and the verdict finds that the defendants are guilty as charged, a fair construction of the language is that each of the defendants is guilty as charged. p. 74.

7. CRIMINAL LAW.—Appeal.—Review.—Reservation of Grounds. —In a criminal case, in order to present for review the form or substance of a judgment, the question must first be presented to the trial court by a motion to modify, specifically stating the defects or mistakes complained of, and the adverse ruling thereon must be assigned as error. p. 74.

From Lake Circuit Court; John B. Peterson, Judge.

Prosecution by the State of Indiana against Louis Goodman and Irwin Goodman. From a judgment of conviction, the defendants appeal. Affirmed.

Dwight M. Kinder, for appellants.

Ele Stansbury, Attorney-General, Elmer E. Hastings and Dale F. Stansbury, for the state.

WILLOUGHBY, J.—This was an action by the State of Indiana against the appellants, Irwin Goodman and Louis Goodman, on an affidavit charging that appellants violated §2273 Burns 1914, Acts 1905 p. 584, §381, by buying, concealing and aiding in the concealment of certain stolen property described in the affidavit. There was a plea of not guilty. Trial by jury.

The jury brought in a verdict as follows: "We, the jury, find the defendants, Irwin Goodman and Louis Goodman, guilty as they stand charged in the affidavit; and we further find that the property described in the affidavit was of the value of $6, and we fix their punishment at imprisonment in the county jail for a period of 30 days and that they be fined in the sum of $500, and disfranchised and rendered incapable of holding any office of trust or profit for a period of one year."

On that verdict the court rendered the following judgment: "It is therefore considered, adjudged and decreed by the court that the defendants, Irwin Goodman and Louis Goodman, are each guilty as they stand charged in the affidavits herein of the crime of receiving stolen goods; that they each be imprisoned in the jail of Lake County, Indiana, for a period of 30 days, and that they each do make their fine to the State of Indiana in the sum of $500, together with all costs herein laid out and expended, and that they each be and they are each disfranchised and rendered incapable of holding any office of profit or trust for the period of one year, and the sheriff of this county is charged with the due execution of this judgment."

A motion for a new trial was made by appellants, which was overruled. Also a motion for a *venire de novo* was made by each of them, which was overruled. This motion was made before the motion for new trial.

The appellants claim that the verdict was not sustained by sufficient evidence, in that they claim that the names of the persons alleged to have stolen the goods in controversy are not sufficiently proved; also that the evidence does not sufficiently show that both of the defendants were guilty of the offense charged; also that the evidence fails to show the ownership of the property in controversy. These contentions must each be overruled. An examination of the evi-

dence on each of these propositions shows that it is clearly sufficient. It is true that the evidence is conflicting and contradictory on some of these points, but this court cannot weigh the evidence. Although the evidence favorable to an appellee may be contradicted and unsatisfactory, it will be sufficient if, standing alone with the inferences therefrom, it supports the judgment. *Public Savings Ins. Co.* v. *Greenwald* (1918), —— Ind. App. ——, 118 N. E. 556; *Born* v. *Union Elevator Co.* (1918), 67 Ind. App. ——, 118 N. E. 973; *Shores-Mueller Co.* v. *Best* (1918), 66 Ind. App. ——, 118 N. E. 688.

2. This court cannot reverse a case for lack of evidence where the court is not convinced that some essential element of the case is wholly unsupported by evidence. *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 119 N. E. 833.

3. Appellants also claim that the court erred in refusing to give certain instructions tendered by appellants and in giving of its own motion certain instructions over the objection of appellants. These instructions are not made part of the record by bill of exceptions; therefore, no question as to the giving or refusal of such instructions can now be considered in this court. Instructions given or refused in a criminal case and the exceptions arising thereon must be presented to this court for review by making them a part of the record by special bill of exceptions. *Donovan* v. *State* (1916), 185 Ind. 15, 111 N. E. 433; *Hahn* v. *State* (1916), 185 Ind. 210, 113 N. E. 725; *Donovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565.

4. An instruction directing a verdict must be made a part of the record in the same manner as other instructions. *Williams* v. *Pittsburgh, etc., R. Co.* (1918), —— Ind. App. ——, 120 N. E. 46.

The appellants insist that the court erred in overruling. their motion for a *venire de novo,* for the reason that the verdict in said cause is so uncertain, indefinite and ambiguous that the court cannot justly enter a judgment thereon.   It has been held in this state that a motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain on its face that no judgment can be pronounced upon it.   A verdict, however informal, is good, if the court understands it.   It is to have a reasonable intendment and is to receive a reasonable construction, and is not to be avoided except from necessity.   *Kendall* v. *State* (1914), 183 Ind. 162, 105 N. E. 899; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; *Central Union Telephone Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64.

The effect of the affidavit in this case was to charge that each defendant was guilty of the offense named in the affidavit.   The verdict finds that the defendants are guilty as charged in the affidavit.   A fair construction of this language is that each of said defendants is guilty as charged.   The court understood it that way and rendered judgment against each.

The court did not err in overruling appellant's motion for a *venire de novo.*   The appellants complain that the judgment for costs is wrong, but they did not make any motion in the lower court to modify it.   The form or substance of a judgment cannot first be questioned in this court; but the question must be first presented in the court below by a motion to modify, which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected.   If the court rules against the party asking such correction, such ruling

of the court below must be assigned as error in this court. Unless this is done, no objection can be made available for reversal here, however erroneous in form or substance such judgment may appear to be. *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820; *Price* v. *State* (     ), —— Ind. App. ——, 118 N. E. 690.

No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 121 N. E. 826. See under (5) 12 Cyc 689. What constitutes possession of stolen property, 101 Am. St. 505.