Julia Knesek instituted this action against the Crown Point Telephone Company to recover a penalty pursuant to § 5781 Burns 1914 (Acts 1885 p. 151). Subsequently she filed an amended complaint of two paragraphs. The defendant demurred to each paragraph on the ground that neither paragraph states facts sufficient to constitute a cause of action. She then dismissed the first paragraph, and thereupon the demurrer was sustained to the second. She refused to plead further and the appropriate judgment was rendered against her. The paragraph of complaint to which the demurrer was sustained, is as follows:
"That said defendant is a corporation duly organized and doing business under and pursuant to the laws of the State of Indiana and for ten years or more last past has been, and still is, engaged in running and operating a general system of telephone lines in the city of Crown Point, Lake county, Indiana, and owns and operates an exchange in said city; that on January 4, 1924, this plaintiff was a patron and subscriber of the defendant company and had one of defendant's telephones *Page 605 
in her residence; that about 9:30 o'clock a.m. of said day, plaintiff's residence caught fire; that plaintiff called her daughter, Emma Knesek, who was and is an employee in the Crown Point Register office in the city of Crown Point, Indiana, which said register office was also a patron and subscriber of said defendant company, and requested her daughter to call the fire station located in the city of Crown Point, Indiana, and ask for help; that the fire station was also a patron of the defendant; that plaintiff's daughter, for and on behalf of the plaintiff, called defendant's exchange or central, from the telephone in the office of the Crown Point Register Company, which telephone was connected with defendant's exchange, and asked to be connected with the fire station telephone, but that the defendant, by its operator then in charge of said exchange, who answered her call, and which operator's name is to the plaintiff unknown, refused to make connection or call the fire station as so requested by plaintiff's daughter, which request was made for and on behalf of the plaintiff as a patron and subscriber of the defendant company, and which facts were then well known to the defendant and its operator in charge of said exchange and who answered the call.
"That by reason of the premises, the defendant has violated its statutory duty and has incurred the statutory penalty of one hundred ($100) dollars, and by reason thereof the plaintiff has been damaged in the sum of $100 and is entitled to recover the statutory penalty.
"Wherefore, plaintiff asks for damages against said defendant in the sum of one hundred ($100) dollars, and for all other just and proper relief."
If the plaintiff had called through the medium *Page 606 
of her own instrument and asked to be connected with the fire station, and if that service had been denied her, then 1, 2. the mere denial of her request would have constituted a prima facie case of discrimination. Central UnionTelephone Co. v. Fehring (1896), 146 Ind. 189. In that event, it would have devolved upon the defendant to show by its answer the justification, if any, for its refusal to make the connection. There is no averment in the complaint, however, that the plaintiff was entitled to use the telephone in the office of the Crown Point Register Company, either in person or by her agent; and there is no inference or presumption to that effect. There is no presumption that the defendant had established a custom whereby its subscribers were privileged to relay messages in the manner attempted by the plaintiff. The penalty is recoverable only for discrimination; and no discrimination is shown.
Judgment affirmed.
McMahan, J., not participating.