## BRODIE *v.* STATE OF INDIANA.

[No. 25,858.   Filed June 3, 1930.]

*George G. Humphreys* and *Walter F. Wood,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged in the Sullivan Circuit Court by affidavit with the crime of rape on a female child under the age of 16 years. He pleaded not guilty to the charge. Upon his motion, the venue of the cause was removed to the Greene Circuit Court, where the case was tried and the jury returned a verdict, upon which the court pronounced a judgment against appellant sentencing him to imprisonment for an indeterminate period of five to 21 years.

He has appealed from the judgment and has assigned as errors for reversal: (1) The court erred in overruling his motion for a *venire facias de novo;* and (2) the court erred in overruling his motion for a new trial.

The motion for a *venire facias de novo* contained the following reasons for same: (1) The verdict heretofore rendered herein is so defective that judgment cannot be entered thereon against this defendant; (2) the verdict heretofore rendered herein does not find defendant either guilty or not guilty; (3) the court does not possess the power to render judgment against the defendant, for the reason said verdict does not find the defendant guilty of the offense charged in the affidavit, or any lesser crime, but only finds certain facts established. This motion was overruled by the court and exception taken to the ruling by the defendant. The verdict returned by the jury was as follows: "State vs. Brodie, No. 8222. We, the jury find that the defendant did on or about August 7, 1928 in Sullivan Co. Ind. have sexual intercourse with (name of girl) a female child under the age of 16 years and that defendant is 36 years old. S. D. Flory, Foreman."

The terms *"venire facias de novo"* and *"venire de novo"* are now used interchangeably to denote a new trial. 47 American Law Review 378. A motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain on its face that a judgment cannot be pronounced upon it. *Merrick* v. *State* (1878), 63 Ind. 327; *Kendall* v. *State* (1914), 183 Ind. 162, 105 N. E. 899; *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826; *Ewing* v. *State* (1921), 190 Ind. 565, 131 N. E. 43; *Palmer* v. *State* (1926), 198 Ind. 73, 152 N. E. 607; *Central Union Telephone Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64; *Garrett* v. *State, ex rel.* (1898), 149 Ind. 264, 49 N. E. 33; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; Ewbank, Indiana Criminal Law (2d ed.) §654. A verdict, however informal, is good, if the court understands it. It is to have a reasonable intendment and is to receive a reasonable construction, and is not to be avoided except from necessity. *Goodman* v. *State, supra; Ewing* v. *State, supra; Kelley* v. *Bell, supra.*

The prosecution herein was predicated on §2429 Burns 1926. The affidavit charged that the appellant, on August 7, A. D. 1928, in the county of Sullivan, and State of Indiana, did then and there unlawfully and feloniously make an assault upon one M. W., then and there being a female child under the age of 16 years, to wit, of the age of 13 years, and did then and there feloniously and unlawfully ravish and carnally know her.

The verdict did not state that the jury found that the defendant was guilty, but it was a finding of certain facts, which sustained all the material facts charged in the affidavit. The Attorney-General admits that the form of the verdict in this case was improper, but states that no objection was made to the form of the verdict and no objection was made to the discharge of the jury at the time the verdict was

returned into court. The verdict was not so defective and uncertain that the court could not pronounce a judgment upon it. The court did not err in overruling the motion for a *venire facias de novo*.

In the motion for a new trial, five causes are assigned. The first cause is: The court erred in giving and reading to the jury, of its own motion, instructions numbered from one to 17, and each of said instructions. The only instruction presented for review is No. 16. This identical instruction was given by the court in *Wolfe* v. *State* (1928), 200 Ind. 557, at pp. 568-570, 159 N. E. 545, and this court held that it was not error to give same. The instruction is applicable in this case and is again approved by this court.

As a reason for a new trial, it is contended that the court erred in submitting to the jury and permitting the jury to take to their jury room a paper purporting to be a blank verdict. This verdict was signed by the foreman of the jury and returned into court. While this verdict was not proper in form, it was sufficient upon which to base a judgment. This action of the court did not constitute reversible error.

The appellant has failed to show that the verdict of the jury was contrary to law. A ground for a new trial in a criminal case that the verdict of the jury is contrary to the evidence is not a statutory ground, and presents no question. Also, the evidence is not in the record, so no question as to the evidence has been raised, which can be considered.

The last cause assigned for a new trial is that the court erred in overruling defendant's motion for a *venire facias de novo*. The ruling on that motion is not a cause for a new trial. The ruling was assigned as an independent error, and, as such, it has been considered herein. In *Malone* v. *State* (1907), 169 Ind. 72, 81 N. E. 1099, it was held that defects in the form of a

verdict cannot be reached by a motion for a new trial. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.