## TAX COMMISSION v CORWIN

Ohio Appeals, 2nd Dist, Montgomery Co

No 862.   Decided January 30, 1929

Mr. Wm. H. Middleton, Jr., Waverly, for Tax Commission.

Messrs. McMahon, Corwin, Landis & Markham, Dayton, for Corwin.

**KUNKLE, J.**

Are these notes, under the above circumstances, subject to a succession tax?

The determination of this question requires a construction of **5331** and **5332 GC.** These sections of the Code have for their basis the constitutional provision found in **Article 12 of Section 7 of the Ohio Constitution** to the effect that "Laws may be passed providing for a taxation of the right to receive or to succeed to estates."

As above stated, there is no dispute but that Charles Morgan Wood, a resident of the State of Massachusetts, died testate owning the notes in question and that they were in the physical possession of Mr. Corwin in the City of Dayton at the time of the death of Mr. Wood in Arizona and for the purposes above recited.

Were they property "within the State of Ohio" as defined by Section **5331 GC.** above quoted?

Has the legislature of Ohio, by the enactment of Sections **5331** and **5332 GC.** so enacted? These sections of the Code are somewhat ambiguous and as this case involves an interpretation of statutes which impose a burden, such interpretation must be governed by the rule of strict interpretation.

**Cassidy vs. Ellerhorst, 110 OS.**

While the decision in 110 Ohio State did not involve property such as is em-

braced in the case at bar, yet upon a careful study of this case, we are of opinion that the reasoning employed in such decision would exempt the notes in question from a succession tax under the circumstances disclosed by the record in this case.

Our attention is also called to a very recent decision of our Supreme Court in the case of the Tax Commission of Ohio vs. Farmers Loan & Trust Company of New York City. This case was decided October 31, 1928, and we are advised by the Clerk of the Supreme Court that an application for a rehearing has been denied. This case is cited by counsel for both plaintiff in error and defendant in error.

Judge Marshall, in rendering the decision of the court, near the close of the decision, uses the following language:

"We have no hesitancy in saying that any property belonging to a non-resident decedent, which is lawfully subject to ancillary administration in Ohio, would necessarily be subject to the succession tax."

It is contended by counsel for plaintiff in error that the notes in question would fall within the reasoning of the court as above quoted. It will be observed that the language of the court is that the property must be "lawfully subject to ancillary administration in Ohio." From the facts disclosed by the record we are of opinion that the notes in question were not subject to administration in Ohio. There were portions of the estate of Charles Morgan Wood which it is conceded were subject to the succession tax, but in our opinion the notes in question do not fall within that class.

We assume from the statements of counsel that these notes were not inventoried nor were they subject to be distributed through the Probate Court of Montgomery County, but were in the State of Ohio, as previously stated, in the hands of Mr. Corwin merely for convenience and collection of the installments as they became due and were to be sent to Mr. Wood at his home in Massachusetts upon his return there.

In the first part of this decision, Judge Marshall says:

"More specifically, it will be the task of this court to determine whether the language 'that the succession thereto is, for any purpose, subject to, or governed by the law of this State' is broad enough to include registered bonds of Ohio municipalities."

"It is not contended by anyone that that language would include simple contract debts, promissory notes, either with or without collateral, bonds of private corporations, or coupon bonds of municipalities. The tax commission does not ground its claim upon the power of the state over the debtor. Such a claim would result in all bonds registered and unregistered, as well as simple contract debts, being held subject to the succession tax."

Applying the reasoning found in this latest expression of the Supreme Court to the facts as disclosed in the bill of exceptions, and as conceded by counsel in their argument, we are of opinion the promissory notes held in the State of Ohio under the circumstances disclosed by the record herein are not subject to a succession tax.

From a consideration of the entire record and the authorities, we find no prejudicial error in the record and the judgment of the lower court will be affirmed.

Ferneding and Allread, JJ., concur.