BEAVERS *v.* STATE OF INDIANA.

[No. 29,452.  Filed March 26, 1957.  Rehearing denied May 6, 1957.]

Thomas H. Branaman and Bruce Markel, Jr., of Brownstown, for appellant.

Edwin K. Steers, Attorney General, Owen S. Boling and Merl M. Wall, Deputy Attorneys General, for appellee.

ARTERBURN, J.—The appellant was convicted of assault and battery—sex, involving an offense against a child "under the age of 16 with intent to gratify sexual desire." He appeals from this conviction. The errors relied upon are contained in the motion for a new trial, and the first to be considered is that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law.

The prosecuting witness was a girl of nine years. She and her mother both testified that she went alone to the store of the appellant to purchase ice cream shortly after 7:30 P.M. on August 21, 1955, which was Sunday. While in the store eating the ice cream the girl testified the alleged attack took place behind some fixtures therein. It was interrupted by the mother calling for the girl. As the child came out of the store, her mother across the road saw her daughter pulling up her panties. She noticed the lights were off

as the daughter left the store, but were turned on again by the time her daughter reached her. Her daughter at the time told her what had occurred. The mother saw the appellant leaving the store, and at once approached him and charged him with molesting the girl. This he denied. He showed her some cigarettes which he said he had gone back to get at the store, fumbled them and dropped them on the ground, backing away from the mother. Afterwards, she took her daughter home and examined her, and found tobacco rubbed over her genital region. She then took her daughter within an hour and one-half for examination by a physician. The physician's testimony, without going into the details, substantiated the mother's accusations and the offense charged.

This evidence corroborates the detailed testimony of the girl, and is sufficient to sustain the verdict of the jury. We may not weigh the evidence or pass upon the credibility of the witness.

The remaining errors assigned are those which concern the instructions given by the court. The appellant contends that the court erred in refusing to give defendant's tendered Instruction No. 11. We have examined this instruction which concerns the law on reasonable doubt existing in the minds of the jurors, and we find that this instruction has been adequately covered by the court's own Instruction No. 4.

The appellant next complains of the court's refusal to give his tendered Instruction No. 12. This instruction in substance warned the members of the jury against allowing or permitting any prejudice to influence their verdict. There is no showing that any such prejudice existed in this case, nor that the appellant had exhausted his peremptory challenges, and was thereby harmed.

The appellant further says that the court committed error in refusing his tendered Instruction No. 14 which concerned the force and effect of circumstantial evidence. It was not error to refuse such instruction in view of the fact that the state's case was not based solely upon circumstantial evidence. There was direct evidence by statements of the alleged victim as to the facts. Where there is direct evidence to prove a crime an instruction on circumstantial evidence may be properly refused. *Culp* v. *State* (1944), 222 Ind. 202, 52 N. E. 2d 486; *Wolfe* v. *State* (1929), 200 Ind. 557, 159 N. E. 545; *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, 154 N. E. 388.

The appellant confines most of his argument and attention to his claimed errors in the refusal to give his tendered Instruction No. 9, which reads as follows:

"You are the exclusive judges of the facts proven and the credibility of the witnesses and this being a criminal action you are also the exclusive judges of the law, but it is the duty of the court to instruct you as to the law of the case. These instructions, however, are not given for the purpose of controlling your judgment but are intended only to aid you in understanding the law. You have a right to disregard them altogether if you desire and to determine what the law of this case is for yourselves."

and the giving by the court of its own Instruction No. 12 which reads as follows:

"The constitution of this state makes the jury the judge of the law as well as the facts. But this does not mean that the jurors may wilfully and arbitrarily disregard the law, nor that they make and judge the law as they think it should be in any particular case. It means that the jurors, under their oaths, should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our state, in each particular case. It does not mean that the jurors

may so judge the law in any case as to make it null and void and of no force, but that they shall so judge the laws as to give them a fair and honest interpretation, to the end and to the effect that each and every law, in each and every case, may be fairly and honestly enforced. Any other interpretation of the law would weaken the safeguards erected by society for its protection; for by the non-enforcement of the law and its penalties in all criminal cases where it is shown by the evidence, beyond a reasonable doubt, to have been violated, contempt for the law is bred among the very class that it is intended to restrain. The facts must be so judged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case, and under your oaths, you have no right to arbitrarily disregard either the law or the facts in the case, without just cause, after a fair and impartial consideration of both."

The argument devoted to these points is based primarily upon the provision in the Indiana Constitution, Art. 1, §19, which reads as follows:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts." The appellant states:

"If the provisions in the Constitution of Indiana mean anything it is not to be limited, restricted, controlled, or influenced, or hampered by the court or legislature in the full, free and voluntary exercise of the jury of their sole constitutional right . . . ."

Since both of these instructions concern the same questions of law we shall consider them together.

Distrust in colonial day of crown appointed judges probably gave rise to the common law doctrine of the right of juries to determine the law in criminal cases. It seems this doctrine was rather narrow in its original scope. It merely offered the opportunity for juries to acquit a prisoner without a review by the judge. It did not deny the court the right to set aside a guilty

verdict which was erroneous. Many states in their early history conferred upon juries in general terms the power to determine the law and the facts in criminal cases by statute or constitution. In most cases these provisions were interpreted as nothing more than a restatement of a common law principle. The Supreme Court of the United States laid to rest this theory at common law in *Sparf et al.* v. *United States* (1895), 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343. Indiana and Maryland are today the sole survivors of this archaic constitutional provision that a jury may determine the law in criminal cases. 52 Harvard L. Review (1939), p. 582.

> "Among the very few exceptions, Indiana may claim the dubious distinction of giving the outmoded relic its widest present day application." 24 Notre Dame Law Review (1949), pp. 365, 366.

In Illinois whose history parallels that of this state, a similar provision in a statute was literally applied in the early days of the state, and although the court was permitted to instruct the jury in criminal cases it told the jury it "should not be absolutely bound by such instruction." *Schnier* v. *People* (1859), 23 Ill. 11. However, by 1906, the trial courts were telling the juries with the approval of the Supreme Court that the instructions of the court could be disregarded, "if they can say upon their oaths that they know the law better than the court" and "before assuming so solemn a responsibility, they should be sure they are not acting from caprice or prejudice; . . ." "No honest and intelligent jury would, upon reflection, say that by their study and experience they were better qualified to judge of the law than the court, . . . ." *Juretich* v. *People* (1906), 223 Ill. 484, 79 N. E. 181; *Fisher* v. *People* (1860), 23 Ill. 218; *Mullinix* v. *People* (1875), 76 Ill.

211; *Spies et al.* v. *People* (1887), 122 Ill. 1, 252, 12 N. E. 865, 17 N. E. 898.

Considering appellant's tendered Instruction No. 9 we find no provision in the constitution that warrants stating to the jury that it is the *exclusive* judge of the law in criminal cases. On the other hand, the constitution vests the judicial powers "in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish." Art. 7, §1, Constitution of Indiana.

The Supreme Court has no jury functions. Its judicial powers include the determination of the law under the same constitution which grants such power to a jury. If possible, the provisions of the constitution must be construed together, and not so as to create a conflict. To say the jury is the *exclusive* judge of the law would cause an irreconcilable conflict in the operation of at least two of the provisions of the constitution. We also know in practice that the judge in criminal cases determines the law in all procedural matters; that during the trial the judge, not the jury, determines the law as to the admissibility of the evidence, and thereafter on a motion to direct an acquittal, or for a new trial he again determines the law. If a jury is the *"exclusive"* judge of the law, then it should determine all such questions of law including the competency of the evidence so offered. If the jury is the exclusive judge of the law one may be asked what right does a trial court have to set aside a jury's verdict because it is contrary to law, or the evidence is insufficient when measured by legal rules? If the jury is the exclusive judge of the law its verdict of guilty would be final regardless of the court's belief that it was rendered in legal error. Juries are not at liberty to create new offenses, or find a defendant guilty of an offense not charged even though they might attempt to do so, be-

cause the judge in the last analysis has a duty under his oath to invoke the constitution, and prevent a travesty on justice. *Parker et al.* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105. It has been said that juries are judges of the law only in the sense that their verdicts of acquittal are not open to correction when they disregard the law. 11 Minn. Law Review (1927), p. 472.

> "While the jury, under such a provision, have the right to determine both the law and the facts, it is not strictly true that they are the *sole* judges of the law of the case. Such a provision means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict. It is their duty to apply the law to the facts of the case, and they have to be judge of both, to come to a conclusion as to both. But the constitutionality of a statute under which a person is prosecuted is a matter for the court to determine, and it is the duty of the jury to accept the court's determination thereof." (Our italics.) 53 Am. Jur., Trial, §279, p. 236.

It is quite apparent that legally and factually it is erroneous to say that the jury is the "exclusive" judge of the law in criminal cases regardless of what may have been inadvertently stated in the past by this court as a result of very little, if any, examination of this question.

Instruction No. 12 given by the court over the objection of the appellant told the jury that they may not "wilfully and arbitrarily disregard the law," nor "make and judge the law as they think it should be in any particular case. . . . under your oaths, (you) should honestly, justly and impartially judge the law as it exists, and as found upon the statutes of our state, . . . under your oaths you have no right to arbitrarily disregard either the law or the facts in the case, . . . ."

Appellant objects to the giving of this instruction

because it points out to the jury an obligation and duty in their search for the law and its determination in the case. Appellant says it "undertook to bind the conscience of the jury, and to hold up to them the fear of violating their oaths."

In our opinion juries should be bound by their conscience and their oaths, and not be in substance told they may act capriciously upon a whim or prejudice. To follow their oaths and conscience is a good and wholesome admonition and certainly will not hinder, but rather aid them in their constitutional function of determining the law and the facts in a criminal case.

The average juryman, being uninformed as to the law, should not be left in a vacuum without obligation, duty or conscience controlling him—left entirely to some whim or prejudice in the determination of the law. He should look to the court for advice and guidance in reaching a determination in such constitutional function. He is seeking to reach a correct determination from the best sources available of both the law and the facts in a criminal case. In attempting to reach a determination of the facts in the case in the performance of his constitutional function, he listens to the witnesses and the evidence. In reaching a determination of the law he should likewise listen to the court in the performance of that constitutional duty.

A jury has no more right to ignore the law than it has to ignore the facts in a case. The same constitutional provision grants to a jury the right to determine both the facts and the law in a criminal case. However, a verdict of guilty that is not supported by the facts or one that is contrary to law may be set aside by a court. If this were not true, such a verdict would be final and conclusive as to both the facts and the law. A motion for a new trial or an appeal would serve no

purpose in such instances. Consistency does not authorize instructing a jury that its verdict as to the facts must be based upon the evidence as presented to it, but as to the law it is under no such duty, obligation, or restraint in arriving at its verdict.

It is not logical to permit counsel on both sides in a criminal case to read the decisions of the Supreme Court, and the instructions to the jury, to argue their meaning, and to point out that the Supreme Court is a constitutional organ of the state government, whose opinion under the constitution must be in writing and published, then for the court to instruct the jury that they may, unhampered by their oaths, conscience or duty, disregard such sources of the law. This is made all the more incongruous when we realize that these sources and instructions come from experts whose knowledge of the subject is far beyond that of the average juryman. 53 Am. Jur., Trial, §814, p. 599.

.To say that a court or judge has a responsibility to follow certain guideposts and sources of the law, but at the same time, instruct a jury, it has no such responsibility is not a consistent interpretation of the constitutional functions of each. The jury has the same responsibility and duty as the judge and the court in its determination of the law in criminal cases. The court or judge has a duty and obligation not to disregard the statutes or constitution of the state in determining the law. Both the jury and the court should consider all available sources of the law in their constitutional functions. The mere fact that a court may have the *power to ignore* or err does not vest it with a *right to do so.*

In this connection we point out that the Instruction No. 9 tendered by the appellant and refused by the court contains the language: "You have a *right* to disregard

them (court's instructions) altogether if you desire and to determine what the law of this case is for yourselves." (Our italics.) Neither the jury nor the judge has a "right" to disregard the law. It may have the *power* to commit error or do wrong but not the *right*. For that reason it is well that a jury be impressed with the obligation of its oath, its conscience, and its duty, and that it not wander astray in that respect. All judgment and determination whether by the jury or the judge should be thus controlled and limited.

In *Bridgewater* v. *State* (1899), 153 Ind. 560, 566, 55 N. E. 737, this court went even further than is necessary here, in saying:

"When the court is properly requested to instruct the jury in a criminal case that they have the right to determine the law and the facts, it is bound to do so. But it is not required to go any farther. It is not required to neutralize the effect of its instructions by telling the jury that they are at liberty to disregard them, and to decide the law for themselves. When the court informs the jury that they have the right to determine the law and the facts, it states the only legal proposition necessary to be laid down on that subject. No elaboration of it can make it any clearer, nor can the court be subjected to the indignity of being compelled to state that its carefully considered views of the law of the case possess no weight, and may be ignorantly or contemptuously set aside."

Later, in *MacDonald* v. *State* (1946), 224 Ind. 74, 82, 64 N. E. 2d 794, the trial court in a criminal case refused to tell the jury that its instructions " 'are advisory only, and are not given to you for the purpose of binding your conscience. . . .' " This court held there was no error in such refusal saying, "Nor was the court bound to discredit or disparage the court's statement of the law as given in all other instructions by giving the instruction tendered by appellant. *Eisen-*

*shank* v. *State* (1926), 197 Ind. 463, 150 N. E. 365."
See also, 53 Am. Jur., Trial, §815, p. 601.

This same court in the same case (*MacDonald* v. *State, supra,* on page 81 of 224 Indiana), approved the following statement to the jury:

> "It is your duty to administer the law in this case as you actually find it to be and you are not at liberty to set aside the law and disregard it for any reason. If you have no well defined opinion as to what the law is, then it is your duty to give the instruction of the court your respectful consideration in determining what the law is."

To insist that the jury should "not be limited, restricted, controlled, or influenced, or hampered by the court or legislature in the full, free, and voluntary exercise of the jury of their sole constitutional right . . . ," to determine the law, would in effect tear down our constitutional system of government. The law consists of the constitution, the statutes, and common law as stated in the decisions of the Supreme Court as written and published as directed under Art. 7, §§5 and 6, of the Constitution. The right to determine the law, whether it be done by the court or jury, is not the right to make, repeal, disregard, or ignore the law in all its phases. *Keiser* v. *State* (1882), 83 Ind. 234; 1 Ewbank's Indiana Criminal Law, Symmes Ed., §416, p. 259.

The jury, as well as the court, is limited and controlled in the determination of the law, not only by the constitution, but also by the legislative enactments. It goes without argument that the jury has no more right than a court has to nullify a legally enacted constitutional statute. Juries are not above the constitution or the law, and should not be told that they are. The courts, which include both judges and juries, must give full recognition to the legislative branch of the govern-

ment and its constitutional acts. The jury under its constitutional right to determine the law is restricted, controlled, and should be influenced by the equally important constitutional right of the legislature to make the laws. It has an oath and duty, just as a judge does, to observe and respect such coordinate rights set forth in the constitution. To tell the jury that it is not "limited, restricted, controlled, or influenced, or hampered by the court or legislature" gives a warped interpretation to one of the provisions of our constitution, thereby permitting such a provision to override all others in the constitution.

In *Commonwealth* v. *McManus* (1891), 143 Pa. 64, 21 Atl. 1018, 22 Atl. 761, 14 L. R. A. 89, the court said:

> "A judge who instructs a jury in a criminal case that they may disregard the law as laid down by the court errs as widely as the judge who gives them a binding instruction upon the law." 53 Am. Jur., p. 600, note 16; 72 A. L. R. 911.

Appellant in his objections to the court's Instruction No. 12, says:

> "It is erroneous in that its effect is to hold up to the jury a statement of what the law is, and that the jury cannot determine the law for themselves or otherwise, by saying to them they cannot arbitrarily disregard the law without just cause."

The appellant complains that the court's Instruction No. 12 "was a direct and bold attempt by the court to drive the jury away from pursuing their unbridled, full and free right to determine the law for themselves, and in doing so the court undertook to bind the conscience of the jury . . . ."

On the same reasoning it may be assumed appellant tendered his Instruction No. 9 which was refused. Under appellant's theory the jury would be left as wild and irresponsible as a March wind, to go in any direc-

tion, uncontrolled and uninfluenced by any duty, conscience or oath; thus leaving prejudices, whims or any irrelevant idea to take over the determination of what the law is.

Such uncontrolled capriciousness in any officer, or body, whether it be a jury or otherwise, does not make for *a government of law, but one of men.* There would be no certainty from day to day or jury to jury as to what the law would be.

The line which has been drawn in this state beyond which a trial court in its instructions dare not go without being reversed because of a supposed infringement upon the jury's right to determine the law in criminal cases has been precarious, shifting and uncertain many times in the past. This historical fact is of little credit to this court. We need not cite the cases as proof thereof. They are too well known from legal commentaries on the subject for us to care to repeat them. We have no intentions of extending or perverting this anachronistic doctrine to a still greater degree in this state.

To summarize: Although the constitution gives the jury the right to determine the law in criminal cases, it does not follow, nor is it true, that it is an "exclusive" right. It is a coordinate right to be exercised with that of the judge or court. Neither does it follow, nor is it true, that the jury is the judge of the law at every step in the proceedings. Neither does it follow, nor is it true, that it is totally irresponsible in determining the law, and has no duty in the exercise of that right to seek the law from the best and most reliable source available, namely the court. A jury may not cast aside such advice or instructions lightly, and should be so instructed in view of their general lack of such knowledge. A consciousness of their responsibility, oath and duty in that respect is an

aid to the proper performance of their constitutional duty. Nevertheless upon final analysis after being so informed and cautioned the jury has the power to go its own way, and determine the law for itself when it renders a verdict. If the defendant is found guilty its determination of the law, if in error, will be overridden by the court's better understanding of the law in the interest of justice and constitutional law.

Instruction No. 12 given by the court was proper, and is supported in all respects by the decisions of this court. *Wolfe* v. *State* (1929), 200 Ind. 557, 159 N. E. 545; *Brodie* v. *State* (1930), 202 Ind. 40, 171 N. E. 585; *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816.

For the same reason the court committed no error in refusing to give appellant's tendered Instruction No. 9.

The judgment of the trial court is affirmed.

Achor, C. J., Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 141 N. E. 2d 118.