PARKER *v.* STATE OF INDIANA.

[No. 30,201. Filed November 8, 1962. Rehearing denied
January 8, 1963.]

*Harry S. Taylor* and *John L. Warrick,* both of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, *Carl E. Van Dorn* and *Donald L. Adams,* Deputy Attorneys General, for appellee.

ARTERBURN, C. J.—The appellant was charged by affidavit with the crime of assault and battery with intent to gratify sexual desires under Burns' §10-403. After a jury trial the appellant was found guilty and sentenced to one to five years in prison.

The appellant first claims that the trial court erred in overruling his motion to quash the indictment. However, an examination of the record shows that the appellant failed to list such a specification in his motion for a new trial, as required under Rule 2-6 of this court. We further point out that the motion to quash failed to include a memorandum, as required under Rule 1-3B of this court. The claimed error, therefore, is not before us for consideration.

The appellant next contends that the court erred in giving State's Instruction Number 11. The instruction reads as follows:

"STATE'S REQUESTED INSTRUCTION
NO. 11

"If you find from the evidence beyond a reasonable doubt that the Defendant herein did, in a rude and insolent manner touch the said Elizabeth Borrelli and did fondle or caress the body or a part thereof of the said Elizabeth Borrelli, she then being a female child under the

age of sixteen years, to-wit: nine years of age on May 3, 1960, with intent to gratify the sexual desires or appetites of him the said Clare Vanderbilt Parker, or under circumstances which frightened or tended to frighten or excite the said Elizabeth Borrelli, then you may find the defendant herein guilty as charged in the affidavit; otherwise you shall acquit him."

The objection made thereto is that "it states three offenses in the alternative by the use of the word 'or' in four different places in said instruction and does not embrace that certainty required in criminal prosecutions." In the argument section of appellant's brief he contends more specifically that "the effect of this instruction would authorize a verdict of guilty if his acts tended to frighten said child, whether they did or did not actually frighten her, and irrespective as to whether such acts were done with intent to gratify sexual desires." The instruction is in the language of the statute, and no constitutional reason is pointed out why the legislature may not make an act which "tended to frighten the child" a crime under the circumstances alleged. We are unable to follow the reasoning of the appellant that he could be convicted "irrespective as to whether such acts were done with intent to gratify sexual desires" since both the statute and the instruction state that such intent is a necessary element. The appellant has failed to point out any defect in the instruction. *Brown* v. *State* (1959), 239 Ind. 358, 157 N. E. 2d 174; *Maxey* v. *State* (1938), 214 Ind. 623, 16 N. E. 2d 880.

The appellant next contends that Instruction Number 2 tendered by the State and given by the court was erroneous "for the reason that while advising the jury they are the judges of the law, it limits

such law as it is found in the *statutes* of our state." The portion of the instruction objected to reads as follow:

"It means that jurors under their oaths should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our State, in each particular case."

In our opinion, the instruction does not limit the jury's consideration of the law merely to the statutes of our State. Substantially the same instruction was approved in *Wolfe* v. *State* (1928), 200 Ind. 557, 159 N. E. 545 and, more recently, in *Beavers* v. *State* (1957), 236 Ind. 549, 141 N. E. 2d 118.

The appellant finally contends that the verdict is not sustained by sufficient evidence and is contrary to law. In his brief, appellant argues that there is no evidence that any of the children were actually frightened by his acts and, furthermore, that there is no evidence of the specific intent required for a conviction under the statute, i.e., the intent to gratify sexual desires.

Briefly stated, the evidence shows that appellant came upon three little girls and a small boy, all of whom were less than ten years of age, playing on a merry-go-round in a South Bend public park, that he started playing with them, and, in doing so, placed his hands underneath their shorts and clothing as well as between the girls' legs. There is considerable evidence of the fondling of two of the girls. In addition one of the girls specifically testified that she became frightened and that the appellant told her "Don't tell anybody."

The foregoing synopsis of the record demonstrates that there was sufficient evidence from which the

jury could have reasonably inferred the intent required by the statute. *Bush* v. *State* (1957), 237 Ind. 280, 145 N. E. 2d 10; *Beavers* v. *State* (1957), 236 Ind. 549, 141 N. E. 2d 118.

The judgment of the trial court is affirmed.

Bobbitt, Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 185 N. E. 2d 727.