**UNITED STATES of America ex rel. Kenneth ROGERS, Petitioner-Appellee,**

v.

**Ward LANE, as warden of the Indiana State Prison, Respondent-Appellant.**

**No. 14871.**

United States Court of Appeals Seventh Circuit.

May 5, 1965.

John J. Dillon, Atty. Gen., Edwin K. Steers, formerly Atty. Gen. of Indiana, Carl E. Van Dorn, Asst. Atty. Gen., Indianapolis, Ind., for appellant.

David J. Halperin, Chicago, Ill., Thomas Broden, Jr., Notre Dame, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Ward Lane, warden of the Indiana State Prison, respondent, appeals from an order of the district court which granted a petition of Kenneth Rogers, petitioner, for a writ of habeas corpus and discharged him from the custody of respondent. But the district court also ordered that petitioner be detained in the custody of respondent pending this appeal.

In 1946 petitioner was charged in an Indiana state court in a three-count affidavit with second degree burglary, automobile banditry [1] and being an habitual criminal. A trial was held which resulted in jury verdicts finding petitioner guilty of second degree burglary and automobile banditry and a verdict that petitioner had been twice before convicted of a felony—once in 1932 and once in 1928. The court had instructed the jury, *inter alia,* as follows:

> "Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, * * * shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

However, the jury of its own volition submitted the following additional verdict:

> "We, the jury, find the defendant not guilty of being an Habitual Criminal."

Thereafter the court sentenced petitioner as follows: Imprisonment of two to five years for second degree burglary, twenty-five years for automobile banditry and life as an habitual criminal.

It has been stipulated by respondent that service of the first two sentences has been completed and that petitioner is now held solely by virtue of his sentence as an habitual criminal.

In his petition filed in the district court petitioner charged that his imprisonment as an habitual criminal is in violation of the equal protection of the law and due process clauses of the fourteenth amendment to the United States constitution. He contended that the Indiana state constitution, article 1, section 19, gives the jury in criminal cases "the right to determine the law and the facts" and that rejection by the trial judge of the general verdict of not guilty on the habitual criminal count deprived "the petitioner and the jury of the jury's 'right to determine the law and the facts' on that issue". With this contention we cannot agree.

The provisions of article 1, section 19 have been construed by the Indiana Supreme Court, which in Beavers v. State, 236 Ind. 549, 559 et seq., 141 N.E.2d 118, 123 (1957) said:

> "A jury has no more right to ignore the law than it has to ignore the facts in a case. * * * a verdict of guilty that is not supported by the facts or one that is contrary to law may be set aside by a court. * * * "

---

1. Automobile banditry is a felony defined by Burns' Ind.Stat.Ann. (1956 Repl.) § 10-4710.

At 562, 141 N.E.2d at 124, the court added:

"To insist that the jury should 'not be limited, restricted, controlled, or influenced or hampered by the court or legislature in the full, free, and voluntary exercise of the jury of their sole constitutional right * * *,' to determine the law, would in effect tear down our constitutional system of government. * * * "

■■ The determination of the test as to what conduct shall make one an habitual criminal is a legislative function which the state of Indiana exercised by the action of its legislature.[2] We hold that the jury in this case possessed no legislative power to repudiate or alter the habitual criminal act passed by the Indiana legislature. Its gratuitous opinion that petitioner was not an habitual criminal would have had that effect so far as he was concerned.

It is not disputed that the jury by its verdicts found petitioner guilty of burglary and banditry and that it found that he had been previously twice convicted of felonies in Indiana. These determinations judicially established the fact that he was an habitual criminal under Indiana law. In resolving these issues of fact in this case, the jury performed its proper function. Its additional verdict that petitioner was not an habitual criminal lay beyond the province of the jury. The law of Indiana

in relation to habitual criminals was properly applied by the court in entering judgment on the verdicts accordingly. Any disagreement between the jury and the state of Indiana as to the wisdom or justice of the habitual criminal act is not germane to this case.

For these reasons the order of the district court discharging petitioner from the custody of respondent must be reversed.

We are not unmindful of the immediate effect which the unusual and unresponsive verdict of the jury seemed to have had upon the trial judge when read in open court, as set forth in an affidavit by the attorney who represented petitioner at the time of said trial. According to that attorney, the court during a three or four minute conference expressed some doubt as to the proper interpretation of the verdict. However, on the next morning, the court indicated that he had done research overnight and he thereupon proceeded to impose sentence.

We find, on thorough consideration of the record before us, that the trial judge applied the Indiana law based upon the verdicts of the jury which were responsive to the submission by the court. We find nothing in the record to indicate that there was any trick upon the jury or defense counsel or inducement which caused the return of any verdict herein.

■ The evidence in the district court was entirely documentary. There was

---

2. Burns' Ind.Stat.Ann. (1956 Repl.) § 9–2207 provides:

"**Habitual criminals—Life sentence.**— Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

§ 9–2208 provides:

"**Habitual criminals—Former convictions, allegation, verdict.**—To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately. If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life."

no serious disagreement as to the facts. We have a right on this appeal of a final order in a habeas corpus proceeding to consider the evidence which was before the district court. 28 U.S.C.A. rule 81 (a) (2). Accordingly, this court has a right to review the *conclusion* of the district court that, to the extent that the demands of Indiana criminal procedure were satisfied, "the net result of the proceeding is a sham". See Elyria-Lorain Broadcasting Co. v. Lorain Journal Co., 6 Cir., 298 F.2d 356, at 358 (1961), where the court said:

> "* * * The fact that findings of the type of No. 8 are labelled 'Findings of Fact' does not make them findings of fact if they are in reality *conclusions of law* and, if so, we are free to act independently and draw our own legal conclusions and inferences. United States v. Mississippi Valley Generating Co., 364 U.S. 520, 526, 81 S.Ct. 294, 5 L.Ed. 2d 268 * * *." (Italics supplied.)

In the case at bar the so-called finding of the district court that the net result of the trial court proceedings "is a sham" is actually a conclusion of law and is subject to review by this court, especially as the only evidence received by the district court was documentary and the trial did not involve any question as to the veracity of witnesses. This view is in accordance with repeated decisions of federal courts of review.[3]

In United States ex rel. Brown v. Smith, 2 Cir., 306 F.2d 596 (1962), cert. den. 372 U.S. 959, 83 S.Ct. 1012, 10 L.Ed. 2d 11, an order of a district court discharging a prisoner on a writ of habeas corpus was reversed, although the district court made a finding of jury prejudice. The circuit court, at 602, on appeal held that, inasmuch as the district court took no testimony and there were no issues of credibility, it was in as good a position as he to determine what inferences should be drawn from the admitted facts. The circuit court rejected as clearly erroneous the *conclusion* of the district court that the defendant had been tried by a prejudiced jury.

■ Moreover, we hold that the trial court conducted the proceedings before him in a fair and careful manner and that there is no basis for petitioner's charge that the trial was a sham, lacked fundamental fairness, or deprived him of his liberty without due process of law. It is apparent from the record that the unexpected action of the jury in preparing and returning a verdict attempting to exonerate petitioner from the charge that he was an habitual criminal surprised the trial judge, but that, after due deliberation, the court's action, as above stated herein, was entirely fair to petitioner as well as the prosecution.

We express our appreciation to attorneys David J. Halperin and Thomas Broden, Jr., who represented petitioner before this court.

For all of the foregoing reasons, the order of the district court granting the petition for writ of habeas corpus and discharging petitioner is hereby reversed and this cause is remanded to the district court with directions to dismiss the petition.

Order reversed with directions.

---

**3.** Wigginton v. Order of United Commercial Travelers, 7 Cir., 126 F.2d 659 (1942), cert. den. 317 U.S. 636, 63 S.Ct. 28, 87 L.Ed. 513; Pflugradt v. United States, 7 Cir., 310 F.2d 412, 415 (1962); Minneapolis, St. P. & S. S. M. R. Co. v. Metal-Matic, Inc., 8 Cir., 323 F.2d 903, 912 (1963); Copease Mfg. Co. v. American Photocopy Equipment Co., 7 Cir., 298 F.2d 772, 781 (1961); Taft Broadcasting Co. v. Columbus-Dayton Local, 6 Cir., 297 F.2d 149, 152 (1961); Cordovan Associates, Inc. v. Dayton Rubber Co., 6 Cir., 290 F.2d 858, 860 (1961); Green v. Bluff Creek Oil Company, 5 Cir., 287 F.2d 66, 69 (1961); Gediman v. Anheuser Busch, Inc., 2 Cir., 299 F.2d 537, at 547 (1962), where the court said: "* * * For it has long been the rule in this Circuit that 'a judge's determination of negligence, as distinguished from the evidentiary facts leading to it, is a conclusion of law freely reviewable on appeal and not a finding of fact entitled to the benefit of the "unless clearly erroneous" rule.' * * * *"