HOLLIDAY *v.* STATE OF INDIANA.

[No. 669S131. Filed April 30, 1970. No petition for rehearing filed.]

*Leo J. Lamberson,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General and *William F. Thompson,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was tried by jury in the St. Joseph Superior Court and found guilty of the crime of theft by deception. He was sentenced to the Indiana Reformatory for a period of from one [1] to ten [10] years.

The crime of theft by deception is found at Ind. Ann. Stat. § 10-3030 (1) (b) (1969 Supp.) and reads as follows:

> "A person commits theft when he (1) knowingly: . . . (b) obtains by deception control over property of the owner . . . and intends to deprive the owner permanently of the use or benefit of the property . . ."

Upon the rendition by the jury of a verdict of guilty as charged, appellant filed a timely motion for a new trial. Said motion was overruled by the trial court and appellant brings this appeal assigning as error the overruling thereof. Appellant raises the following arguments in his memorandum:

(1) The trial judge erred in denying appellant's motion for a directed verdict at the close of the State's case-in-chief.

(2) The jury's verdict of guilty was not sustained by sufficient evidence.

(3) The trial judge erred in giving State's tendered instruction No. 2 over defendant's objection.

For the purposes of this appeal, arguments number (1) and number (2) will be combined and disposed of as one. Clearly if there is sufficient evidence as a matter of law to sustain the jury's verdict beyond a reasonable doubt, then the denial of appellant's motion for a directed verdict would have been proper. To avoid a directed verdict the State merely has to make out a prima facie case. The record before us indicates that all of the State's evidence was presented to the jury by way of its case-in-chief, thus it is the same quantum of evidence which the directed verdict challenged that the jury used as a basis for its verdict.

In order to sustain the verdict of guilty in a criminal trial, each element of the crime charged must be established by substantial evidence of probative value, so as to convince the trier of fact beyond a reasonable doubt. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874; *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6. In looking at the sufficiency of the evidence this court on appeal will examine only that evidence and the reasonable inferences deducible therefrom which are most favorable to the state. *Carter* v. *State* (1968), 250 Ind. 13, 234 N. E. 2d 850; *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794. We will not weigh the evidence, nor determine the credibility of witnesses. *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809.

There are two elements of the crime of theft by deception: (1) The person knowingly obtains by deception control over

property of the owner, and (2) the person intends to deprive the owner permanently of the use or benefit of the property. In the case at bar as revealed by the record, appellant was employed as a truck driver by the Indiana Motor Service, Inc. during the period, December 18-19, 1967. On or about December 18, 1967, the Indiana Motor Service Co. office was burglarized. Among the items reported stolen by the said company were several sheets of blank checks and a check protector. Although testimony at the trial indicated that the burglars had entered the Motor Service's office through the driver's room and that appellant had a key to that room, we believe such evidence to be immaterial to the issues in this case.

On the day following the burglary, to-wit: December 19, 1967, appellant presented a check in the amount of One Hundred ($100) Dollars for payment at Steve and Irene's Tavern in South Bend, Indiana. The check was identified as one of those "stolen" during the burglary. The name of William J. Nelson, manager of the truck line, appeared as drawer on the check, but the evidence adduced at the trial indicated that the signature of the purported drawer was neither that of William J. Nelson nor that of either of his secretaries. Furthermore the check, drafted on a typewriter, varied on its face from the other payroll checks of the Indiana Motor Service, Inc., in that only lower case letters were used. State's exhibit #1 appears immediately below.

The check was blank when it was reported stolen on December 18th, and was not issued by anyone authorized by IMS to do so. Appellant appeared to have no difficulty cashing it at Steve and Irene's Tavern inasmuch as he was a regular patron of the said establishment and had previously cashed between twenty and thirty checks drawn on the same account.

Moreover, state's witness Robert Copeland, a South Bend Police Officer, testified that he had asked the appellant during his investigation of the burglary of the checks and the subsequent negotiation thereof, whether he [appellant] knew anything about the said burglary. Appellant, according to Officer Copeland, told him that "he had been drunk the night of it and there was another guy with him and he had gotten his keys and got these checks."

We believe that this evidence together with the reasonable inferences deducible therefrom is sufficient as a matter of law to sustain the jury's verdict. The property over which the jury found that appellant had exercised control by deception was the One Hundred ($100) Dollars received when he cashed the check. That appellant intended to deprive Ted and Irene's Tavern of the money may reasonably be inferred from the facts and circumstances of the deception involved. In view of the above, appellant's arguments (1) and (2) relating to the sufficiency of the evidence are hereby rejected as being without merit.

Appellant next argues that he was prejudiced by state's instruction number (2) which was given to the jury by the trial court. The instruction reads as follows:

"The constitution of this state makes the jury the judges of the law as well as of the facts. But this does not mean that the jurors may willfully and arbitrarily disregard the law nor that they may make and judge the law as they think it should be in any particular case. It means that jurors, under their oaths, should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our state, in each particular case. It does not mean that jurors may so judge the law in any case

so as to make it null and void and of no force, but that they shall so judge the laws as to give them all a fair and honest interpretation, to the end that each and every law in each case may be fairly and honestly enforced. Any other interpretation of the law would weaken the safeguards erected by society for its protection; for by the non-enforcement of the law and its penalties in all criminal cases where it is shown by the evidence to have been violated, contempt for the law is bred among the very class that it is intended to restrain. The facts must be judged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case, and under your oaths you have no right to arbitrarily disregard either the law or the facts in this case, without just cause, after a fair and impartial consideration of both."

Appellant at the trial objected to that portion of the instruction which reads,

"for by the non-enforcement of the law and its penalties in all criminal cases; where it is shown by the evidence to have been violated, contempt for the law is bred among the very class that it is intended to restrain."

He contends that the instruction prejudices him in the eyes of the jury, for the reason that the failure to convict appellant would breed contempt for the law among members of the general society.

The instruction in question has been challenged on numerous occasions before this court on appeal. *Parker* v. *State* (1962), 243 Ind. 482, 185 N. E. 2d 727; *Beavers* v. *State* (1957), 236 Ind. 549, 141 N. E. 2d 118; *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816; *Ray* v. *State* (1950), 228 Ind. 706, 95 N. E. 2d 212; *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Brodie* v. *State* (1930), 202 Ind. 40, 171 N. E. 585; *Wolfe* v. *State* (1928), 200 Ind. 557, 159 N. E. 545. In each instance it was determined that the instruction was proper and in accord with prior caselaw. As was said in *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N. E. 2d 416:

"It should be readily noted upon a reading of said instruction that it is only a guideline, general in nature, which

provides criteria for the jury in its approach to its serious duties in the trial of a criminal cause." 230 N. E. 2d at 419.

We believe that the phraseology pointed to by appellant is general in nature and states an admonition which should be communicated to the jury in view of their obligation under Art. 1, § 19 of the Indiana Constitution to determine both *the law and the facts* in criminal cases. We fail to see where appellant has been prejudiced thereby.

In view of the above, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Arterburn, DeBruler and Given, JJ., concur; Jackson, J., dissents.

NOTE.—Reported in 257 N. E. 2d 679.